■ KIAMESHA CONCORD, INC., Plaintiff, v. HARRY GREENMAN, Defendant. (Action No. 1.) RUTH GREENMAN et al., Appellants, v. KIAMESHA CONCORD, INC. et al., Respondents. (Action No. 2.) — *Per Curiam.* Appeal by the plaintiffs in action No. 2 from an order of Supreme Court granting the motion of the plaintiff in action No. 1 to consolidate the two actions for trial in Sullivan County. The sole issue on this appeal is whether or not the venue for trial was properly selected as Sullivan County. The appellants, residents of New York County, commenced action No. 2 in said county on or about September 22, 1966 for personal injuries and loss of services arising out of an accident on a golf cart. Kiamesha, having its principal place of business in Sullivan County, commenced its action No. 1 on or about October 26, 1966 for property damage to the said golf cart. The granting of a motion for the consolidation of actions commenced in different counties necessitates a decision as to the venue for trial. As stated in *Smith* v. *Witteman Co.* (10 A D 2d 793) : " The court has the power, in an appropriate case, to order a consolidation or a joint trial of actions pending in two counties and to direct the trial to be held in one of the counties, thus incidentally changing the venue of the action pending in the other county, *without necessarily requiring a showing of circumstances which would have independently justified the change of venue.*" (Citations omitted.) (Emphasis supplied.) Special Term undoubtedly has great discretion in selecting the venue when consolidation is granted pursuant to CPLR 602, and it appears that all of the factors which relate to a discretionary change of venue under CPLR 510 are relevant to the exercise of such discretion. (See *Palmer* v. *Chrysler Leasing Corp.,* 24 A D 2d 820.) Weighing the convenience of the witnesses named in respondents' papers as against that of the witnesses named by appellants, no clear balance is demonstrated in favor of either side. Applying the other tests usually employed, no factor substantially outweighs another, New York County being the jurisdiction first invoked but Sullivan County being the situs of the accident and, in addition, offering the opportunity of a speedier trial. There being no significant preponderance either way, up to this point, we give consideration to the other relevant factors, all of which favor the New York County venue. Differing from *Slavin* v. *Whispell* (5 A D 2d 296, 298), upon which

respondents rely, this case presents "compelling circumstances" which require us to look to the relative convenience of the parties. From the undisputed proof that plaintiff Ruth Greenman as a result of the accident is paralyzed from the waist down, it is properly inferable that great hardship will result should she be compelled to travel to a distant place and live there during the trial. (Cf. *Foley* v. *Phelps*, 257 App. Div. 896; *Figley* v. *California Arrow Airlines*, 111 Cal. App. 2d 285; *Thompson* v. *State Highway Dept.*, 221 S. C. 250.) It is proper in this case, also, for us to give some consideration to the convenience of plaintiffs' medical witnesses whose hospital and offices are in New York County. (*Hilgers* v. *Hyde*, 6 A D 2d 963.) It follows that the consolidated actions should be tried in New York County. Order modified, on the law and facts, in accordance herewith and, as so modified, affirmed, with costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.