■ In the Matter of STEVEN J. WOHL, Respondent. PAMELA MILLAY, Appellant.—In a proceeding to enforce visitation rights, the appeal is from so much of an order of the Supreme Court, Westchester County, dated December 7, 1977, as granted petitioner additional visitation rights. Order reversed insofar as appealed from, without costs or disbursements, and motion remanded to the Special Term for hearing and determination in accordance herewith. Special Term granted the petitioner additional visitation privileges without first holding a hearing. Since issues concerning visitation must be decided solely on the basis of the best interests of the children, no change of the visitation provisions contained in a separation agreement should be made without a full evidentiary hearing (see *Kresnicka v Kresnicka,* 48 AD2d 929). Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT BARBUTO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated May 11, 1976, which granted defendant's motion to controvert a search warrant and to suppress the evidence seized thereunder. Order affirmed. Criminal Term correctly concluded that the conduct attributed to defendant in the affidavit in support of the application for the search warrant did not, even when considered in conjunction with the other observations recited in the warrant rise to the level of probable cause (see *People v Wirchansky,* 41 NY2d 130; *People v Fino,* 14 NY2d 160). Titone, J. P., Margett and O'Connor, JJ., concur; Suozzi, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: The relevant portions of the affidavit in support of the application for the search warrant show a frequent pattern of nighttime envelope "drops" through the mail slot of a storefront. Several of those "drops" were made by one who was known by the police to have been a "Bank Clerk" in a gambling operation in the past. Defendant would, on some of those nights, enter the store after the "drops." On one occasion, upon his entry into the premises, "he appeared to bend over as to retrieve something from the floor." On another date defendant was observed to remove a white envelope from his jacket upon exiting the store, and to peruse that envelope. In addition, on a third occasion, defendant and another were observed driving about the vicinity of the premises in question "in what appeared to be an attempt to determine if they were under surveillance." Finally, it is noted that defendant is a known gambler. While none of the afore-mentioned factors would, standing alone, constitute probable cause for the issuance of the warrant, the totality of the observations made by the police would indicate the probability that defendant was engaged in an illegal gambling operation (see *People v Valentine,* 17 NY2d 128; see, also, *People v Hanlon,* 36 NY2d 549). Accordingly, Criminal Term erred in controverting the warrant.