■ DAVID M. WINDHURST, Respondent, v TOWN OF THOMPSON, Defendant, and COUNTY OF SULLIVAN, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered March 6, 1980 in Sullivan County, which denied defendant County of Sullivan's motion for a change of venue and granted plaintiff's cross motion. Plaintiff is a paraplegic as a direct consequence of a motor vehicle accident that occurred in the Town of Thompson, Sullivan County. This action, alleging the municipalities negligently, carelessly and

recklessly created an unsafe highway condition, was commenced in Westchester County where plaintiff presently resides in a rehabilitation hospital. The defendant County of Sullivan moved to change the venue of the action to Sullivan County and plaintiff cross-moved to retain venue in Westchester County. Special Term denied defendant's motion and granted the cross motion stating that plaintiff's grievous injuries would cause great hardship if he were required to travel to and reside in Sullivan County during the trial of the action. Defendant Sullivan County appeals. While it is generally true that if a county defendant, as here, follows the special "demand" procedure of CPLR 511 (subd [b]) and either with or before the service of the answer serves on plaintiff a written demand that venue be changed to the proper county and moves for such relief within 15 days after receipt of plaintiff's response to such demand such relief will be granted, it does not follow that such relief is judicially compelled or the court is foreclosed from considering the discretionary grounds for change or retention of venue set out in CPLR 510 (Siegel, New York Practice, pp 151, 152). Since plaintiff is a resident of Westchester County and hospitalized there, we cannot say Special Term abused its discretion in denying Sullivan County's motion and granting plaintiff's cross motion on the ground of convenience of witnesses. In addition to the hardship that would be imposed on a paraplegic party who would be forced to travel to and reside in a foreign county, many of the hospital records and treating specialists reside in Westchester County. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.