■ JOAN ISRAEL, Plaintiff, v EDWARD N. HIRSH, Defendant, and JOSEPH BAKER, Respondent. (Action No. 1.) EDWARD N. HIRSH et al., Appellants, v JOAN ISRAEL, Defendant, and JOSEPH BAKER et al., Respondents. (Action No. 2.) — Appeal by the plaintiffs in Action No. 2 from an order of the Supreme Court at Special Term, entered July 8, 1980 in Sullivan County, which granted the motion of defendant Joseph Baker in Action No. 1 and Action No. 2 to consolidate the two actions for trial and fix venue in Sullivan County. The instant actions arise out of a three-car collision which occurred in the middle moving lane of the westbound New York State Thruway in the Village of South Nyack, Rockland County, New York, on January 31, 1980. Joan Israel was the owner and operator of a vehicle which was standing when struck in the rear by a car owned and operated by Edward N. Hirsh. The Hirsh car was then struck in the rear and propelled forward so as to again strike the Israel car by a car operated by Joseph Baker and owned by the McCullagh Leasing Corporation. There were no passengers in any of the three cars. Plaintiff Joan Israel first commenced an action in Sullivan County against Hirsh and Baker on February 24, 1980 (Action No. 1). On March 13, 1980, Baker served his answer and cross-claimed against Hirsh. In late April of 1980, Hirsh and his wife commenced their action against the operators and owners of the other vehicles in Supreme Court, Rockland County (Action No. 2). Baker, a defendant in both actions, moved in Sullivan County to consolidate Action No. 1 and Action No. 2 for trial and to set venue in Sullivan County. This motion was opposed by the Hirshes who moved in Rockland County to consolidate both actions and fix venue in Rockland County. The Sullivan County motion was decided orally on June 13, 1980. It joined both actions and fixed venue in Sullivan County. The Rockland County motion was subsequently denied "on the basis of *res judicata*". This appeal by the Hirshes ensued. The Hirshes' contention that Special Term abused its discretion because special circumstances requiring a departure from the general rule exist in the instant case, is rejected. Generally, it is accepted that the county where jurisdiction was first invoked will become the county of joint trial in the absence of special circumstances requiring otherwise *(Boyea v Lambeth,* 33 AD2d 928, 929; *Padilla v Greyhound Lines,* 29 AD2d 495, 499). Courts will consider a wide variety of

circumstances in determining whether "special circumstances" exist which may necessitate the fixing of venue in one county as opposed to another. However, rough equality of factors in favor of both counties will not warrant a reversal of the trial court's exercise of discretion *(Palmer v Chrysler Leasing Corp.,* 24 AD2d 820), while a "significant preponderance" either way or, for example, the paralysis of one of the parties, may warrant such action *(Kiamesha Concord v Greenman,* 29 AD2d 904). In the instant case, the revelant facts would justify the setting of venue in either county. Witnesses are located in each county, the action occurred in Rockland County but Sullivan County has priority of action. No significant preponderance of factors favors Rockland County over Sullivan County, and in such circumstances we would not be warranted in finding that Special Term abused its discretion in choosing Sullivan County as the place of trial. Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.