■ A.M.I. INTERNATIONAL, LTD., Respondent, v GARY POOL SALES & SERVICE, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered November 12, 1982 in Albany County, which denied defendant's motion to change venue from Albany County to Erie County. Plaintiff, a manufacturer of swimming pools, commenced this action in Albany County, its principal place of business, seeking to recover the cost of certain swimming pool replacement parts and materials sold and delivered to defendant for use in effecting repairs to in-ground swimming pools that defendant had originally purchased from plaintiff and had installed for homeowners in Erie County, defendant's principal place of business. In its answer, defendant asserts breach of warranty as both an affirmative defense and as counterclaims. Defendant's motion to change venue to Erie County, pursuant to CPLR 510 (subd 3), was denied by Special Term and this appeal ensued. In its decision, Special Term relied solely upon the fact that the transfer of the case to Erie County would result in substantial delay in trial of the action, apparently because the Trial Calendar in Erie County is much more congested than in Albany County. While calendar congestion is certainly a factor to be considered in deciding a motion to change venue pursuant to CPLR 510 (subd 3) (see *Blasch v Chrysler Motors Corp.,* 84 AD2d 894), it is not controlling (*Kucich v Leibowitz,* 68 AD2d 1002, 1003). As explained by the Fourth Department in *Ray v Beauter* (90 AD2d 988): "The CPLR provides that the court may change the place of trial when 'the convenience of material witnesses and the ends of justice will be promoted by the change' (CPLR 510, subd 3). In resolving venue disputes some general principles have evolved. Cases should ordinarily be tried where the cause of action arose * * * in the less congested forum * * * and where a majority of the material witnesses reside * * * excluding witnesses who are parties, relatives and employees of parties, or experts * * *. Not infrequently, these guidelines will point to different forums. In such a case, the overriding consideration is usually the location of the principal nonparty witnesses, particularly if this location is where the cause of action arose". In support of its motion, defendant's affidavit contains the names, addresses and occupations of the prospective witnesses, the substance of their testimony and its materiality to the action, as required (see *Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc.,* 90 AD2d 550). All eight of the witnesses listed by defendant live in Erie County. Five of them are homeowners who purchased the pools which defendant installed and will testify as to the alleged defects. Plaintiff, on the other hand, has listed only its

present employees, a former employee and an expert as material witnesses whose convenience would be served by retaining the action in Albany County. Since the relevant guidelines or factors point to different forums, Special Term erred in relying solely upon Trial Calendar congestion as the basis for deciding defendant's motion pursuant to CPLR 510 (subd 3). Accordingly, its denial of defendant's motion constitutes an abuse of discretion. In the circumstances presented here, defendant has fulfilled its burden of establishing that the ends of justice and the convenience of material witnesses will be promoted by changing venue from Albany County to Erie County and its motion, therefore, should be granted. Order reversed, on the law and the facts, with costs, and motion granted. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.