■ DONNA MESSINGER, Appellant, v ALFRED FESTA, Defendant, and ROCHESTER GAS & ELECTRIC CORP., Defendant and Third-Party Plaintiff-Respondent. TOWN OF STERLING, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Rockland County (Gurahian, J.), dated March 30, 1982, which granted the motions of the third parties for a change of venue from Rockland County to Cayuga County. Order reversed, without costs or disbursements, and motions for a change of venue denied. In September, 1981 plaintiff, a student at SUNY at Oswego and a resident of Rockland County, was a passenger in a car driven by defendant Alfred Festa. While the car was being driven over a dirt road skirting a cliff overlooking Lake Ontario, it went over the cliff, causing injuries that resulted in plaintiff becoming a paraplegic. Two of the other passengers in the car were seniors at the State University at Oswego whose permanent residences were in Rockland and Suffolk Counties, respectively. The action was brought in Rockland County against the driver and the Rochester Gas & Electric Corporation (R G&E), which allegedly owned the property where the accident happened. The claim against R G&E was based on the allegation that it negligently permitted vehicles to use the road and allowed it to become overrun with foliage. R G&E impleaded the Town of Sterling, asserting that the town was negligent "in the construction, maintenance and warnings on its property at or near the location of the accident". The town and R G&E subsequently moved·for a change of venue to Cayuga County, contending that CPLR 504 (subd 2) requires that an action against a town be brought in the county in which the town is situated, the cause of action accrued in Cayuga County, the passengers would not be inconvenienced by a change in venue since they were students at the State University at Oswego, and a speedier trial would be obtained in Cayuga County. Plaintiff opposed the application on the grounds that travel to Cayuga County would interrupt the special rehabilitation care that she now receives at home, her medical witnesses from New York City would be inconvenienced by a change of venue to Cayuga, and the passengers live in or are substantially closer to Rockland County than to Cayuga County. Despite its apparently mandatory tone, CPLR 504 does not foreclose the court from considering the discretionary grounds for change or·retention of venue set forth in CPLR 510 (subd 3) (see *Windhurst v Town of Thompson,* 78 AD2d 930; *Wilson v Sponable,* 77 AD2d 799). While the inconvenience of a party will not normally be considered (*Ray v Beauter,* 90 AD2d 988), an exception arises when the inconvenience relates to a party's health (see, e.g., *Windhurst v Town of Thompson, supra; Foley v Phelps,* 257 App Div 896). Here, it is clear that an enormous hardship would be imposed on the paraplegic plaintiff — who requires daily treatment and care — if she is compelled to travel to and reside in a far-off county during trial. Furthermore, the convenience of the treating physicians is a strong factor in favor of retaining venue in Rockland County (see *Kucich v Leibowitz,* 68 AD2d 1002; *Hilgers v Hyde,* 6 AD2d 963). The plaintiff's doctors practice in New York City

and the difficulties of obtaining their presence in Cayuga County scarcely require extended comment. Finally, the two passengers — seniors at the State University at Oswego in February, 1982 — are Suffolk and Rockland County residents, respectively, and their convenience as witnesses would be served by a trial in Rockland County. In the face of this strong showing in favor of the exercise of our discretion to have the case remain in Rockland County, the respondents have provided absolutely no information as to the number or identity of their witnesses, if any. In our view, the reasons for denying a change of venue sufficiently outweigh the asserted governmental inconvenience (see *Babylon Assoc. v County of Suffolk*, 89 AD2d 57) and the advantage of a speedier trial in Cayuga County (see *McComb v Hilton Hgts. Apts.*, 43 AD2d 972). Accordingly, in the exercise of discretion (see *Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367), we conclude that the "convenience of material witnesses and the ends of justice" (see CPLR 510, subd 3) will be promoted by retaining venue in Rockland County. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.