■ ALAN PITEGOFF, Respondent, v EUGENE P. LUCIA, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered March 17, 1983 in Ulster County, which denied defendant's motion for a change of venue. This breach of contract action was commenced by plaintiff in Ulster County. After issue was joined, defendant moved to change the venue of the action to Orange County, the county of his residence. Where, as here, an application has been made as of right to change the place of trial to a proper county on the ground of nonresidency of the plaintiff (CPLR 503, subd [a]), the court to which such application has been made has the power to grant a cross motion to retain the venue in the county originally named for the convenience of material witnesses and the ends of justice (*Dickman v Stummer,* 20 AD2d 611). It is insufficient if, as here, the opposing party merely submits affidavits in opposition. A cross motion is mandatory because two different concepts are involved: defendant's right to a change to the proper county and plaintiff's application, addressed to the discretion of the court, to retain the action in an

otherwise improper county for the convenience of material witnesses and the ends of justice (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.12). In the absence of a cross motion by plaintiff, we are constrained to reverse the order below and direct that venue of the action be moved to Orange County, the county of defendant's residence. Order reversed, on the law, with costs, and venue is directed to be moved to Orange County. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.