■ SEABOARD SURETY COMPANY, Respondent, v FACILITIES DEVELOPMENT CORPORATION, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered on February 25, 1983, which denied the motion by defendant Facilities Development Corporation to change the place of trial from New York County to Albany, is reversed, on the law, the facts and in the exercise of discretion, and the motion to change venue from New York County to Albany is granted, without costs or disbursements. ¶ Defendant Facilities Development Corporation, a public benefit corporate governmental agency created and organized pursuant to the Health and Mental Hygiene Facilities Improvement Act ([Act]; L 1968, ch 359, § 1, as amd), entered into a construction contract with Burmar Electrical Corporation pursuant to which the latter was to perform electrical work at the New York Psychiatric Institute. Accordingly, Burmar furnished defendant with a performance bond underwritten by plaintiff Seaboard Surety Company. Burmar ultimately defaulted in its performance, and defendant called upon Seaboard, as surety, to complete the work. Subsequently, plaintiff commenced the instant suit against Facilities Development Corporation, among others, asserting various causes of action, including unjust enrichment, overpayment of the contractor and breach of contract. Venue was laid in the Supreme Court, New York County, notwithstanding subdivision 1 of section 12 of the Act, which provides that any action, suit or special proceeding brought against Facilities Development Corporation shall be in Albany. Special Term denied defendant's motion for a change in venue on the ground that the convenience of witnesses and the ends of justice would be best promoted by holding the trial in New York County. ¶ Subdivision 1 of section 12 of the Act contains a mandatory direction that venue "shall" be in the County of Albany. Courts, in considering a similarly mandatory statute, CPLR 504, relating to actions against counties, cities, and other such governmental subdivisions, have held that they are not foreclosed from taking into account "the discretionary grounds for change or retention of venue set forth in CPLR 510 (subd 3)" (*Messinger v Festa,* 94 AD2d 792; see, also, *Windhurst v Town of Thompson,* 78 AD2d 930). CPLR 510 authorizes the court, in its discretion, to grant a motion

for a change of venue in certain enumerated situations. However, in the absence of compelling circumstances, courts should comply with the statutory direction. (See *Babylon Assoc. v County of Suffolk,* 89 AD2d 57; *Powers v East Hudson Parkway Auth.,* 75 AD2d 776.) There is nothing in this record to demonstrate such compelling circumstances as would warrant a departure from the mandate of subdivision 1 of section 12 of the Act. Indeed, even if, despite the clear statutory language, a balancing test were to be applied, it is evident that the instant litigation bears a much closer nexus to Albany than it does to New York County, including the location in and around Albany of most of the witnesses, counsel and documentary evidence. As for plaintiff's allegation concerning the inconvenience of some 20 prospective witnesses, it is phrased in strictly conclusory terms, and not one of these persons is claimed to reside in any of the five boroughs of the City of New York. Consequently, Special Term should have granted the motion by defendant Facilities Development Corporation for a change in venue. Concur — Sandler, Ross, Silverman and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: Subdivision 1 of section 12 of the Health and Mental Hygiene Facilities Improvement Act ([Act], L 1968, ch 359, § 1, as amd), which provides that any action brought against Facilities Development Corporation shall have its venue in the County of Albany, as I read it, merely changes the initial venue. The discretionary ground for change or retention of venue, set forth in CPLR 510 (subd 3), still applies. ¶ Special Term, in a careful analysis, found that, overwhelmingly, the balance of convenience led to venue in New York County. E.g., the construction project is located in New York. The field site maintains the files. Some 20 named persons residing in or near New York County may be called to testify, most of them nonparties. The attorneys are located in New York and, of course, the Attorney-General has a large law office in New York County. The principal place of business of the plaintiff is in New York County and also that of one of the defendants. In view of the foregoing, it is an abuse of discretion for this court to substitute its judgment for that of Special Term. ¶ Moreover, the specific language of subdivision 1 of section 12 of the Act refers to venue in an action "brought * * * against" Facilities Development Corporation. Here, the action was brought against the architect defendant who office is in Eastchester, New York, and against the construction manager whose office is in New York County. It was only thereafter, in accordance with a stipulation entered into between the plaintiff and these two defendants and pursuant to an order of the Supreme Court, New York County, that the defendant Facilities Development Corporation was added as a party defendant. It may very well be said that, under the circumstances, subdivision 1 of section 12 does not even apply.