■ TROY SAVINGS BANK, Respondent, v AMERICAN EQUITY FUNDING, INC., et al., Appellants. (Action No. 1.) AMERICAN

MORTGAGE BANKING, LTD., Appellant, v TROY SAVINGS BANK, Respondent. (Action No. 2.)—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered June 19, 1985 in Rensselaer County, which, *inter alia,* granted Troy Savings Bank's motion to consolidate actions Nos. 1 and 2 and set venue in Rensselaer County.

American Mortgage Banking, Ltd. (American), previously known as American Equity Funding, Inc., is engaged in the business of "mortgage banking". As part of such business, American entered into a contract with Troy Savings Bank (Troy) whereunder Troy would supply short-term financing of residential mortgages obtained by American and be named as the mortgagee. When American later arranged for permanent financing with other financial institutions, those institutions would purchase the mortgages in question and Troy would be repaid on the financing that it had provided. Because American allegedly was not performing according to the terms of the contract, Troy terminated any further financing of mortgages obtained by American. Troy then commenced action No. 1 in Rensselaer County against American and the chairman of American's board of directors, Morris Kaufman, who had personally guaranteed some of the mortgage transactions with Troy. American, in turn, commenced action No. 2 in Nassau County against Troy based upon Troy's termination of financing. Troy then moved to consolidate the actions and to set venue in Rensselaer County. American cross-moved for venue to be set in Nassau County. Special Term granted Troy's motion and denied American's cross motion. This appeal ensued.

Clearly, action No. 1 was, at least as against American, commenced in Rensselaer County prior to the commencement of action No. 2 in Nassau County. Thus, if all other factors are equal, venue should be set in Rensselaer County since this is where the first action was instituted *(see, Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278, 281-282; *Israel v Hirsh,* 81 AD2d 694; *Kiamesha Concord v Greenman,* 29 AD2d 904). In this case, however, all other factors are not equal. The decisive factor, in our view, is that the convenience of material witnesses who will be called at trial would best be served by laying venue in Nassau County. In this regard, we note that "the burden of showing convenience of witnesses is substantially less" on a motion to consolidate under CPLR 602 than where a discretionary change of venue is sought pursuant to CPLR 510 *(Matco Elec. Co. v Beacon Constr. Co.,* 52 AD2d 1084, 1085). In addition, the location of the principal

nonparty witnesses is an "overriding consideration" in cases such as this *(see, A.M.I. Intl. v Gary Pool Sales & Serv.,* 94 AD2d 890).

Here, the record indicates that the only likely witnesses who would favor a Rensselaer County venue are employees of Troy itself, whose convenience is not to be considered *(see, Jacobson v Leaseway of E. N. Y.,* 107 AD2d 798; *A.M.I. Intl. v Gary Pool Sales & Serv., supra; Ray v Beauter,* 90 AD2d 988). In contrast, a number of material witnesses not employed by American reside and work in and around Nassau County, according to affidavits submitted by American. Such witnesses will allegedly present material testimony as to, *inter alia,* the dealings between Troy and American, the terms of their contract, the manner in which it was to be performed and the damages resulting from the breakdown of the contractual relationship. In view of the foregoing, we conclude that the venue of the consolidated action should be in Nassau County.

Order modified, on the law and the facts, without costs, by reversing so much thereof as granted Troy Savings Bank's motion to set venue of the consolidated action in Rensselaer County; cross motion of American Mortgage Banking, Ltd. to set venue in Nassau County granted; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.