440

■ Paul R. Hirsch, Respondent, v Canoha Transport, Inc., Respondent, and Springbrook Grain Company et al., Appellants.—Yesawich, Jr., J.

This negligence action arises out of a Seneca County accident involving two tractor trailers. As a result of this incident, plaintiff, a Sullivan County resident and operator of one of the vehicles, suffered severe injuries; he instituted suit in Sullivan County. Defendants Springbrook Grain Company and John H. Parish (hereinafter defendants), residents of Seneca County, moved pursuant to CPLR 510 (3) to change the venue to Seneca County. The motion was denied and this appeal followed.

Save for the State Trooper who investigated the accident, the only material defense witnesses whose convenience would be served by a venue change are defendants themselves, their officers, and employees; their convenience, however, is not controlling (A.M.I. Intl. v Gary Pool Sales & Serv., 94 AD2d 890). And with respect to the State trooper, the moving papers are conspicuously deficient for there is no showing where he resides, that he has been interviewed, or that he is even available to testify (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, p 75).

In resisting defendants' motion, plaintiff points to the fact that his principal witness, a neurologist who has been furnishing plaintiff ongoing treatment for brain damage allegedly sustained in the accident, is also a resident of Sullivan County. While normally an expert's convenience is excluded from consideration, the convenience of a *treating* physician is a meaningful factor entitled to some weight (*Messinger v Festa,* 94 AD2d 792). Furthermore, notwithstanding the general rule that a party's convenience is not to be taken into account, allowance can be made for plaintiff's claimed physical impairment (see, *Messinger v Festa, supra; Windhurst v Town of Thompson,* 78 AD2d 930). Since venue in the first instance was properly laid in the county of plaintiff's residence and where his treating physician resides, we are unable to say that Special Term abused its discretion when it denied defendants' motion.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.