In the Matter of FRANK L. TAVOLACCI, Respondent, v CAROL GARGES, Also Known as CAROL A. TAVOLACCI, Appellant

The Family Court unfairly punished the appellant for moving with the parties' children from Westchester County to Broome County, by requiring her to be responsible for all of the transportation of the children in connection with visitation, even though the petitioner had only requested that the appellant be responsible for one half of the transportation. The appellant's move to Broome County was not made in bad faith to frustrate or hinder the petitioner's exercise of his right to visitation, but was rather necessitated by the appellant's new husband's employer transferring him there (see, Weiss v Weiss, 52 NY2d 170, 177; Cmaylo v Cmaylo, 76 AD2d 898, 899). Moreover, the "economic realities" of this case did not dictate that the appellant absorb all of the costs of transportation as the petitioner was at least as financially able as the appellant to afford these costs (cf. Martinez v Konczewski, 85 AD2d 717, affd 57 NY2d 809). Rather, the circumstances dictate that the cost of transportation should be shared equitably between the parties (see, Schwartz v Schwartz, 91 AD2d 628, 630).

The court did not abuse its discretion in determining that in view of the changed circumstances brought about by the appellant's move to Broome County, alternate weekend visitation at the petitioner's home in Westchester County was in the children's best interest (see, Domestic Relations Law § 240). This was in accordance with the recommendation of the Law Guardian, and was supported by the evidence presented at the hearing on the petition for modification of visitation.

The court was correct in its initial determination that venue was proper in Westchester County, as that was the residence of the petitioner when this proceeding was commenced, and was the county where the parties had lived when married (see,

CPLR 503 [a]). It was also correct in its subsequent determination in the order dated March 18, 1985, that venue was proper in Westchester County for the hearing on the petition alleging violation by the appellant of the Family Court's modified visitation order, since Westchester County had been the locality of the court that had issued the modified visitation order which the petitioner sought to enforce, and since the petitioner continued to reside there *(see,* Family Ct Act § 171; *Matter of Garner v Forsythe,* 80 AD2d 712, 713). Moreover, the Family Court did not abuse its discretion by refusing to transfer this matter to Broome County *(see,* Family Ct Act § 174; CPLR 510 [3]; *Panicello v Panicello,* 73 AD2d 595). The appellant's chronic back problems were clearly not of such a nature that having to appear in Westchester County for a hearing would create an "enormous hardship" *(cf. Messinger v Festa,* 94 AD2d 792, 793; *Windhurst v Town of Thompson,* 78 AD2d 930, 931). Moreover, the fact that a number of potential material witnesses resided in Broome County "cannot be considered dispositive with respect to a change of venue motion" *(American Consumer Ins. Co. v Goslin,* 88 AD2d 941, 942).

The modified visitation order was made on the basis of a sufficient record, and the failure of the court to direct the preparation of probation reports and to consider such reports prior to making its determination on the petition to modify visitation did not constitute an abuse of discretion *(cf. Avella v Avella,* 74 AD2d 592). The appellant was afforded a full evidentiary hearing at which she was free to call any competent and material witnesses *(cf. Matter of Wohl [Millay],* 63 AD2d 718). Moreover, the testimony adduced at that hearing was sufficient to support the court's determination that a modification of visitation was in the best interest of the children.

The court's refusal to assign the appellant counsel at the outset of the hearing on the petition to modify visitation or to adjourn the hearing for more than 10 minutes so that she could obtain counsel did not violate her right to due process under the Federal Constitution, nor did it violate her statutory rights under Family Ct Act § 262 (a) (iii). The appellant had been duly advised prior to the hearing in connection with the Family Court's prior denial of her motion to dismiss the petition for lack of jurisdiction and improper venue that the matter had been "preemptorially" set down for trial on November 5, 1984. She admitted that in the meantime she had consulted with counsel, and that she had already obtained an

adjournment. She therefore had a full and adequate opportunity to obtain counsel prior to the hearing on November 5, 1984, and was not entitled to a further adjournment to obtain counsel. Moreover, the court properly concluded that the reason why the appellant had appeared for the hearing without counsel was not because she could not afford counsel, since she admitted she had conferred with counsel and asked for an adjournment so that she could obtain his presence. Thus, the court did not violate the appellant's rights by refusing to assign her counsel.

Finally, the court did not abuse its broad discretion by refusing to grant the appellant counsel fees in its order dated March 18, 1985 *(see,* Domestic Relations Law § 237 [b]; *Ritz v Ritz,* 103 AD2d 802). Based upon the evidence which had been presented to it, the court could have reasonably concluded that the appellant could afford counsel. Nevertheless, in view of the fact that the appellant faced possible incarceration as a result of her alleged violation of the court's modified visitation order, the court properly exercised its discretion to assign her counsel for the hearing on the violation petition because of the possibility that her claim that she could not afford counsel was true. The appellant's ability to afford counsel, however, was substantiated by her dismissal of her assigned counsel, and her reengagement of the counsel she had previously used at various stages of this litigation prior to the hearing on the violation petition. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.