■ PRESTON NIXON, Respondent, v BRIAN A. ALEXANDER et al., Respondents. (Action No. 1.) JUDITH LIST et al., Appellants, v TAMARACK HOTEL et al., Respondents. (Action No. 2.)—Levine, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 26, 1988 in Ulster County, which, upon reargument, adhered to its prior decision, *inter alia,* granting the motion of defendants in action No. 1 to change venue in action No. 2 from Kings County to Ulster County.

Both of the instant actions arose out of a collision in Ulster County between a vehicle operated by Preston Nixon, plaintiff in action No. 1, and a vehicle operated by Brian A. Alexander, a defendant in both actions. Judith List and Susan Berezinsky, who are plaintiffs in action No. 2, were passengers in the Nixon automobile. List and Berezinsky are residents of Kings County and commenced their action in that county some four weeks before Nixon's suit was initiated in Ulster County. Alexander is a resident of Trinidad. The remaining parties in both actions have been joined either on the basis of having derivative claims or their ownership of the vehicles involved. The primary medical treatment of Berezinsky and List took place in Kings County. The only actual eyewitnesses to the accident were Nixon, List, Berezinsky and Alexander. There has been no showing whatsoever that Ulster County nonparty

witnesses (e.g., investigating police officers or ambulance personnel at the scene) could offer testimony relevant to the happening of the accident. Nor has any demonstration been made that any significantly greater court calendar congestion exists in either county.

On the basis of the foregoing, the factors with respect to the more appropriate venue are at most in equipoise, with no significant preponderance favoring either county. This being so, the priority of suit should control (see, *Troy Sav. Bank v American Equity Funding,* 120 AD2d 828, 829; *Israel v Hirsh,* 81 AD2d 694). Clearly, there has been no showing of compelling circumstances requiring disregard of the general rule that venue of joint trials should be fixed in the county which has jurisdiction of the action first commenced and, accordingly, Supreme Court abused its discretion in changing venue in action No. 2 from Kings County to Ulster County (see, *Leung v Sell,* 115 AD2d 929, 930). The order should, therefore, be reversed, the cross motion seeking to change venue in action No. 1 to Kings County should be granted, and the actions joined for trial in Kings County.

Order reversed, on the law, with costs, motion denied, cross motion granted and actions joined for trial in Kings County. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.