■ MARY M. KROUPA et al., Respondents, v FACILITIES DE-VELOPMENT CORPORATION, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant Facilities Development Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered April 27, 1988, as denied its cross motion to change venue of the action from Dutchess County to Albany County.

Ordered that the order is reversed insofar as appealed from, with costs payable by the plaintiffs, the cross motion is granted, and, the Clerk of Dutchess County shall forthwith deliver to the Clerk of Albany County all papers filed in the action and certified copies of all minutes and entries, which shall be filed, entered or recorded, as the case requires, in the office of the Clerk of Albany County *(see,* CPLR 511 [d]).

Laws of 1968 (ch 359, as amended) (McKinney's Uncons Laws of NY § 4412 [1]) provides, in pertinent part, that the venue for an action brought against the defendant Facilities Development Corporation is the County of Albany. While in the absence of compelling circumstances, this statutory direction should be followed *(see, Seaboard Sur. Co. v Facilities Dev. Corp.,* 100 AD2d 787, 788), the court is not foreclosed from taking into account "the discretionary grounds for change or retention of venue set forth in CPLR 510 (subd 3)" *(Messinger v Festa,* 94 AD2d 792). However, the plaintiffs herein failed to establish that "the convenience of material witnesses and the ends of justice [would] be promoted by" the retention of the action in Dutchess County (CPLR 510 [3]). Specifically, the plaintiffs did not set forth the names of any eyewitnesses, their addresses or the materiality of their testimony, and merely set forth the names and business addresses of certain prospective physician witnesses, without disclosing the substance of their testimony in sufficient detail to enable the court to determine whether such evidence would be material and necessary *(see, Alexandre v Pepsi-Cola Bottling Co.,* 150

AD2d 742; *Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621; *Mayer v Fleischner,* 92 AD2d 463; *Hojohn v Hamilton,* 78 AD2d 570). Consequently, the Supreme Court should have granted the appellant's cross motion to change the venue of this action from Dutchess County to Albany County. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.