■ STEVEN FAILLA, Respondent, v BARBARA FAILLA, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered January 27, 1984, the defendant

wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 14, 1987, as, after a hearing, (1) transferred custody of the parties' three infant children from the defendant to the plaintiff husband, (2) directed the defendant to pay child support in the amount of $25 per week per child, and (3) awarded the plaintiff counsel fees in the amount of $3,500.

Ordered that the order is modified by deleting the award of counsel fees, and substituting therefor a provision denying the plaintiff's application for counsel fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court's determination that a transfer of custody from the defendant to the plaintiff would be in the best interests of the parties' three children is fully supported by the evidence that was adduced at the hearing. Furthermore, it is clear that the court carefully considered and weighed the appropriate factors set forth in *Eschbach v Eschbach* (56 NY2d 167). Contrary to the defendant's argument on appeal, the court did not ignore a prior agreement of the parties that she would have custody. However, it was not bound by that agreement.

We see no reason to disturb the amount of child support payable by the defendant since she is employed and makes no claim of hardship. In fairness; however, since the plaintiff appears to be able to afford to pay his attorney, we find the award of $3,500 in counsel fees payable by the defendant to be an improvident exercise of the court's discretion *(see, Matter of Tavolacci v Garges*, 124 AD2d 734; *Rodgers v Rodgers*, 98 AD2d 386). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.