■ EDWARD BRUDER, Appellant, v PEPSI COLA, INC., Respondent.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on or about September 22, 1989, *inter alia,* granting the motion of respondent Pepsi Cola Bottling Company of New York, sued here as Pepsi Cola, Inc., to change the venue of this action to Queens County, is unanimously affirmed, without costs.

In this personal injury products liability action, the IAS court did not abuse its discretion in granting defendant's motion to transfer the venue of this action to Queens County. Plaintiff, a Connecticut resident, improperly designated New

York County as the place of trial, based upon the business address of an unserved defendant, and thus, forfeited his right to choose the venue of this action. *(See, Kelson v Nedicks Stores,* 104 AD2d 315.) In the absence of a cross motion by plaintiff to retain venue in New York County, the action was properly transferred *(Kelson v Nedicks Stores, supra; Pitegoff v Lucia,* 97 AD2d 896). We find that plaintiff's affidavit in opposition was wholly inadequate to be deemed a cross motion to retain venue, and was devoid of any information from which the court could appropriately have exercised its discretion to retain venue in New York County for the convenience of witnesses and in the interests of justice. (CPLR 510 [3].) Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.