■ RICHARD C. BAUER, Respondent, v FACILITIES DEVELOPMENT CORPORATION, Appellant, et al., Defendants. [621 NYS2d 815] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying defendants' motions for change of venue. Subdivision (1) of section 12 of the Facilities Development Corporation Act (L 1968, ch 359, § 1, as amended; McKinney's Uncons Laws of NY § 4412 [1]) provides, in pertinent part, that "[t]he venue of any action, suit or special proceeding brought against the corporation shall be laid in the county of Albany." To prevent the transfer of the action, plaintiffs were required to make a cross motion to retain venue in Monroe County for the convenience of material witnesses and the ends of justice *(see,* CPLR 510 [3]; *Bruder v Pepsi Cola,* 166 AD2d 243, 244; *Pitegoff v*

*Lucia,* 97 AD2d 896; 7A Carmody-Wait 2d, NY Prac § 48:58, at 168). The affidavits submitted in opposition to defendants' motions are insufficient to constitute a cross motion *(see, Pitegoff v Lucia, supra; Braver v County of Nassau Off. of Admin. Servs.,* 67 Misc 2d 120, 121; 7A Carmody-Wait 2d, NY Prac § 48:58, at 168). Those affidavits, moreover, fail to establish the existence of compelling circumstances that would justify a departure from the statutory directive *(see, Kroupa v Facilities Dev. Corp.,* 157 AD2d 650; *Seaboard Sur. Co. v Facilities Dev. Corp.,* 100 AD2d 787; *see also, Zinker v Zinker,* 185 AD2d 698). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Change of Venue.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.