■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent, v PEROSI BROTHERS, INC., Defendant and Third-Party Plaintiff-Respondent, and PEROSI ELECTRICAL CORPORATION et al., Respondents. FACILITIES DEVELOPMENT CORPORATION, Third-Party Defendant-Appellant. [623 NYS2d 368] —Casey, J. Appeal from an order of the Supreme Court (Spain, J.), entered October 19, 1993 in Albany County, which denied third-party defendant's motions for a change of venue.

Plaintiff issued certain payment and performance bonds to secure the obligations of defendant Perosi Brothers, Inc. as the contractor on a construction project for third-party defendant, Facilities Development Corporation (hereinafter FDC). After Perosi Brothers defaulted on its contract with FDC, plaintiff paid on its bonds and the project was completed. Plaintiff thereafter commenced this action to recover the amount it had been compelled to pay on the bonds. Venue of the action was set in Richmond County, where the cause of action accrued. Perosi Brothers commenced a third-party action against FDC alleging, inter alia, that FDC wrongfully terminated its contract with Perosi Brothers. Plaintiff thereafter served an amended complaint which included a cause of action against FDC. By separate motions, one before and one

after receipt of the amended complaint, FDC sought to change venue of the main action and third-party action to Albany County. Supreme Court denied the motions, resulting in this appeal by FDC.

Pursuant to McKinney's Unconsolidated Laws of NY § 4412 (1) (Facilities Development Corporation Act § 12; L 1968, ch 359), venue of any action against FDC must be set in Albany County. We are of the view that as a result of plaintiff's direct claim against FDC in the amended complaint, both the main action and third-party action are subject to the statutory venue provision applicable to actions against FDC. Assuming that the statutory venue provision did not entirely preclude Supreme Court from exercising the discretionary authority over venue conferred by CPLR 510, that discretion is limited to cases of compelling circumstances, with the burden of proof resting on the party seeking venue other than that prescribed by McKinney's Unconsolidated Laws of NY § 4412 (1) (see, Seaboard Sur. Co. v Facilities Dev. Corp., 100 AD2d 787; see also, Kroupa v Facilities Dev. Corp., 157 AD2d 650). At best, plaintiff and Perosi Brothers have shown that venue of the main action was properly set in Richmond County when it was originally commenced without a direct claim against FDC, and that it might be more convenient for some witnesses if venue was retained in Richmond County. We agree with FDC that such a showing falls far short of the compelling circumstances which would justify venue other than that prescribed by the statute (see, Seaboard Sur. Co. v Facilities Dev. Corp., supra; see also, Bauer v Facilities Dev. Corp., 210 AD2d 992). In the absence of compelling circumstances, Supreme Court erred in exercising its discretion regarding the venue of the main action and third-party action which contain claims against FDC.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions granted.