■■■ MARK SAID, Respondent, v STRONG MEMORIAL HOSPITAL, by and through Its Agents, Officers and/or Employees, et al., Appellants. [680 NYS2d 785] —Order unanimously affirmed with costs. Memorandum: Defendants appeal from an order denying their motion pursuant to CPLR 510 (3) to change the venue of this medical malpractice action from Onondaga County, where plaintiff resides, to Monroe County, where the cause of action arose. Defendants assert that a change of venue is necessary for the convenience of the material witnesses, including five physicians who treated plaintiff as employees of defendant

Strong Memorial Hospital (Strong), and unnamed ambulance and law enforcement personnel.

Supreme Court properly denied defendants' motion. With respect to the ambulance attendants and police officers whom defendants anticipate calling, defendants failed to disclose their names or addresses or the subject of their testimony. Defendants thus failed to meet their burden of demonstrating that a change of venue is necessary for the convenience of those witnesses (*see, Rampe v Giuliani*, 227 AD2d 605, 606, citing *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169).

With respect to the five physicians, defendants have not shown that those doctors are nonparty witnesses whose convenience may be considered on the motion. It is well established that the convenience of the parties, their agents and employees, or others under their control carries little if any weight (*see, Rollinson v Pergament Acquisition Corp.*, 228 AD2d 186; *Port Bay Assocs. v Soundview Shopping Ctr.*, 197 AD2d 848, 849). All five physicians treated plaintiff as employees of Strong and thus are among the actors whose conduct is at issue in the case. Two of the doctors are current employees of Strong, while the other three are former employees. Of the three former employees, one lives in New Jersey, and his convenience would not be served by changing venue from Syracuse to Rochester. In any event, the convenience of nonresidents is of subordinate importance (*see, Port Bay Assocs. v Soundview Shopping Ctr., supra*, at 849). Even if some of those physicians could be characterized as nonparty witnesses, defendants failed to show that their convenience should outweigh the convenience of the five Syracuse physicians to be called by plaintiff, three of whom are currently treating plaintiff. Moreover, it was appropriate for the court to consider plaintiff's ill health in determining the motion (*see, Zinker v Zinker*, 185 AD2d 698; *Messinger v Festa*, 94 AD2d 792; *Windhurst v Town of Thompson*, 78 AD2d 930). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Venue.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.