■ NICHOLAS D. MESSINA et al., as Parents and Guardians of ALBERT D. MESSINA, an Infant, Appellants, v UPPER HUDSON PRIMARY CARE CONSORTIUM, INC., Respondent. [811 NYS2d 147]—

Cardona, P.J. Appeal from that part of an order of the Supreme Court (Malone, Jr., J.), entered July 14, 2004 in Albany County, which denied plaintiffs' motion for a change of venue.

In early 2000, plaintiffs commenced an action against certain medical professionals and a hospital in connection with injuries suffered by their son during his birth in 1999. Venue for the action was placed in Washington County, the location of the hospital where the infant was born. After it was discovered that defendant, an entity located in Albany County, was the hospital's owner, a second action was commenced in Albany County based on the same operative facts. Upon the parties' subsequent cross motions, Supreme Court consolidated the two actions but denied that aspect of plaintiffs' motion seeking to have the now-consolidated action venued in Albany County, resulting in this appeal.

Although venue for consolidated actions initiated in differing counties should ordinarily be placed in the county where the

first action was commenced (*see Gray v Serbalik*, 264 AD2d 934, 935 [1999]; *Matter of Rent Stabilization Assn. of N.Y. City v New York State Div. of Hous. & Community Renewal*, 252 AD2d 111, 115 [1998]; *Troy Sav. Bank v American Equity Funding*, 120 AD2d 828, 829 [1986]), special circumstances may warrant placement of the consolidated action in the second venue (*see e.g. Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.*, 242 AD2d 765, 766 [1997]; *Magee v Hutcher*, 174 AD2d 941, 941 [1991]). Significantly, although the infant in this action was born in Washington County, he was transferred to a hospital in Albany County immediately thereafter and continues to reside in that county due to his significant ongoing medical needs. It appears uncontroverted that the infant would have great difficulty attending proceedings in Washington County (*see Hirsch v Canoha Transp.*, 124 AD2d 440 [1986]; *Kiamesha Concord v Greenman*, 29 AD2d 904, 905 [1968]; *see also Messinger v Festa*, 94 AD2d 792, 792 [1983]). Additionally, plaintiffs have presented an extensive list of nonparty medical professionals who attend to the infant's needs in Albany County and who would be inconvenienced if called upon to testify in a Washington County action (*see Troy Sav. Bank v American Equity Funding, supra* at 829-830; *see also Messinger v Festa, supra* at 792-793). Accordingly, under the unique circumstances presented, we conclude that venue for the consolidated action should be in Albany County.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as denied plaintiffs' motion for a change of venue; motion granted; and, as so modified, affirmed.