# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN BORGER; AND SHERRI BORGER, <br> Appellants, <br> vs. <br> POLARIS INDUSTRIES, INC., <br> Respondent. | No. 81764 |

**FILED**

MAR 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a products liability action. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellants John and Sherri Borger (collectively, "the Borgers") appeal from a district court order dismissing their products liability action for forum non conveniens. In October 2016, while vacationing at Lake Havasu, Arizona, Sherri Borger was severely injured in an off-road vehicle accident.[1] The Borgers, who lived in Minnesota at the time of the accident, had rented the off-road vehicle shortly before the accident from Sandbar Powersports, LLC, a Nevada company operating in Arizona. While the family was driving in the vehicle, it rolled, pinning Sherri's right arm above the elbow and nearly severing it. Lake Havasu's fire department and emergency medical services, the Lake Havasu police department, and the Mohave County Sheriff's Office all responded to the accident. Sherri was initially flown to Havasu Regional Medical Center in Arizona and then transferred that same day to University Medical Center (UMC) in Las Vegas, where her arm was amputated.

---

[1]We recount the facts only as necessary for our disposition.

22-08406

The vehicle was designed, tested, and manufactured in Minnesota by Polaris Industries, Inc., a Minnesota company, who sold it to an Arizona dealership. Sandbar's vehicle rental agreement, which the Borgers signed, stated that the agreement and any disputes arising from it would be governed by Arizona law.

In March 2017, the Borgers sued Sandbar in Nevada, and Sandbar filed a counterclaim. In November 2017, the Borgers amended the complaint to include claims against Polaris for product liability design and marketing defects, breach of warranty, and negligent design and marketing. Sandbar thereafter reached a settlement agreement with the Borgers, and in January 2019, Polaris moved to dismiss for forum non conveniens. Polaris argued that because Sandbar had settled, the Borger's case was entirely about the vehicle's design and manufacture. Polaris pointed out that it had not yet produced any documents, nor had any of its representatives been deposed or expert discovery conducted. Polaris argued that the case no longer had connections to Nevada and explained that it would be difficult to compel key witnesses to testify unless trial proceeded in Arizona.

The district court granted Polaris's motion to dismiss for forum non conveniens. The Borgers appeal.

NRS 13.050 allows a court, upon a party's motion, to move the trial's location when doing so would be convenient for the witnesses and promote the ends of justice. In deciding a motion to dismiss for forum non conveniens, the court must consider three factors: (1) "the level of deference owed to the plaintiff's forum choice," (2) "whether an adequate alternative forum exists," and (3) whether dismissal is warranted given public and

private interest factors.[2] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 300-01, 350 P.3d 392, 396 (2015) (internal quotation marks omitted). Dismissal is appropriate where exceptional circumstances exist and the factors "weigh strongly in favor of another forum." *Id.* at 301, 350 P.3d at 396 (internal quotation marks omitted). We review a district court's order dismissing an action for forum non conveniens for an abuse of discretion. *Id.* at 300, 350 P.3d at 395-96. An abuse of discretion occurs where the decision is "arbitrary, fanciful, or unreasonable, or where no reasonable [person] would take the view adopted by the trial court." *Imperial Credit v. Eighth Judicial Dist. Court*, 130 Nev. 558, 563, 331 P.3d 862, 866 (2014) (alternation in original) (internal quotation marks omitted)).

---

[2]A party must also support a motion for dismissal based on forum non conveniens with affidavits so that the district court can assess whether extraordinary circumstances exist. *Mountain View Recreation, Inc. v. Imperial Commercial Cooking Equip. Co.*, 129 Nev. 413, 419, 305 P.3d 881, 885 (2013). Here, Polaris submitted an affidavit stating that the product at issue was designed, tested, and manufactured in Minnesota; all employees with relevant information and documents are in Minnesota; and the vehicle was sold to an Arizona dealership. The motion to dismiss also included excerpts from transcripts of sworn depositions and other apparently admissible evidence. We therefore conclude that the district court had sufficient information here to determine that dismissal was appropriate.

The dissent points out that the affidavit does not directly address the hardships or convenience of its witnesses, and this is a true observation. However, the district court could reasonably conclude that the evidence strongly favored litigation in Arizona even without more specific allegations of hardship. After all, the district court has to engage with numerous "public and private interest factors." *Placer Dome*, 131 Nev. at, 302-305, 350 P.3d at 397-98.

We conclude the district court did not abuse its discretion under these facts. Although the Borger's choice of forum is entitled to deference,[3] the other two *Placer Dome* factors weigh heavily in favor of dismissal here.[4] The Borgers did not include claims against Polaris until over eight months after they filed their initial complaint and over a year after the accident, and the record shows that minimal, if any, discovery has been conducted as to the specific claims against Polaris.[5] The Borgers do not reside in Nevada and the record suggests that none of the key witnesses reside in Nevada. We determine the following to be persuasive: (1) the vehicle was designed, tested, and manufactured in Minnesota; (2) the vehicle was sold to an Arizona dealership, the Borgers rented the vehicle in Arizona and agreed Arizona law would control in the event of any dispute; (3) the accident occurred in Arizona; (4) the first responders were from Arizona; and (5) Sherri was initially treated at an Arizona hospital. Therefore, all of the witnesses testifying to the accident's immediate aftermath, as well as to the vehicle's design, testing, manufacture, and upkeep, reside outside Nevada.[6]

---

[3]While we have never held that a plaintiff's Nevada forum choice is entitled to less deference when the plaintiffs are not Nevada residents, and we do not resolve that point here, we note that we have held a foreign plaintiff's choice of forum inside the United States is entitled to less deference. *Placer Dome*, 131 Nev. at 301, 350 P.3d at 396.

[4]The Borgers conceded below that Arizona is an appropriate alternative forum.

[5]Moreover, the district court ordered that discovery produced during the Nevada case may be used in the re-filed case and that Polaris is to waive formal service of process requirements for the re-filed case.

[6]We recognize Polaris could have compelled first responders in Arizona to submit to a deposition in Arizona for the Nevada case. *See Quinn v. Eighth Judicial Dist. Court*, 134 Nev. 25, 29-30, 410 P.3d 984, 987-88

continued on next page . . .

Sherri's treatment at UMC is not the subject of this dispute, and because Sandbar has been dismissed from the case, the case no longer has ties to Nevada.[7] Arizona is therefore an adequate alternative forum for the case, and both public and private interests weigh in favor of dismissal, whereas nothing remains to tie the case to Nevada, there are substantial ties to Arizona, and Arizona is a convenient forum for the accident's witnesses. In this complex product liability case that will undoubtedly require extensive testimony and many expert witnesses, we cannot say the district court's decision was arbitrary, fanciful, or unreasonable.[8] *See Imperial Credit*, 130 Nev. at 563, 331 P.3d at 866. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Stiglich

_____, J.
Silver

---

(2018). Under the facts of this particular case, however, witness convenience strongly favors an Arizona forum.

[7]Notably too, the parties can subpoena certified records from UMC should the case proceed in Arizona. *See* NRS 53.100-.200 (Nevada's version of the Uniform Interstate Depositions and Discovery Act). To the extent the Borgers argue the settlement is not grounds for a forum non conveniens motion, we note the settlement is one of multiple factors demonstrating extraordinary circumstances favoring dismissal here.

[8]As neither NRS 13.050 nor *Placer Dome* impose a time restriction on a party's ability to bring a motion for forum non conveniens, we disagree with the Borgers' argument that the motion here was untimely, particularly where Polaris had only been in the action for a little over a year at the time it made the motion, and little, if any, discovery relevant to the complex product liability claims against Polaris has been conducted.

HARDESTY, J., dissenting:

"Dismissal for forum non conveniens is appropriate only in *exceptional circumstances* when the factors weigh strongly in favor of another forum." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 301, 350 P.3d 392, 396 (2015) (emphasis added) (internal quotation marks omitted). Further, "[a] motion . . . based on forum non conveniens must be supported by *affidavits* so that the district court can assess whether there are any factors present that would establish such exceptional circumstances." *Mountain View Recreation, Inc. v. Imperial Commercial Cooking Equip. Co.*, 129 Nev. 413, 419, 305 P.3d 881, 885 (2013) (emphasis added). "General allegations regarding inconvenience or hardship are insufficient because [a] specific factual showing must be made." *Id.* (alteration in original) (internal quotation marks omitted). And we have opined that a party's or its employees' convenience is irrelevant when considering such motions. *Id.* at 419 n.4, 305 P.3d at 885 n.4 (citing, among others, *Said v. Strong Mem'l Hosp.*, 680 N.Y.S.2d 785, 786 (App. Div. 1998)).

This court has established a clear framework to determine whether a case shall be dismissed for forum non conveniens. We review a district court's application of the framework for an abuse of discretion, *Placer Dome*, 131 Nev. at 300, 350 P.3d at 395-96, and disregarding the affidavit requirement in the framework, or adding an entirely new standard concerning a plaintiff's preference, constitutes an abuse of that discretion. For these reasons, I respectfully dissent.

NRS 13.050(2)(c) provides that "[t]he court may, on motion or stipulation, change the place of the proceeding . . . [w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." We have established a three-part test for district courts to consider "[w]hen

deciding a motion to dismiss for forum non conveniens." *Placer Dome*, 131 Nev. at 300-01, 350 P.3d at 396. First, the "court must . . . determine the level of deference owed to the plaintiff's forum choice." *Id.* at 300, 350 P.3d at 396. Second, "a district court must determine whether an adequate alternative forum exists." *Id.* at 301, 350 P.3d at 396 (internal quotation marks omitted). And third, "[i]f an adequate alternative forum does exist, the court must then weigh public and private interest factors to determine whether dismissal is warranted." *Id.*

In the first instance, Polaris has not met the evidentiary burden necessary for the district court to decide its motion to dismiss for forum non conveniens. It is undisputed that the affidavit supporting Polaris's motion to dismiss did not address the hardships or convenience of its witnesses, or *exceptional circumstances* to warrant dismissal, as required under *Mountain View*. *See Mountain View*, 129 Nev. at 419, 305 P.3d at 885. Instead, Polaris argues that the affidavit requirement "is a matter of form over substance," and that "the record already contained most of the facts speaking to Nevada's three-part test." Similarly, the majority also dismisses this issue by concluding, without analysis, that "the district court could reasonably conclude that the evidence strongly favored litigation in Arizona even without more specific allegations of hardship." Majority, *ante* at 3 n.2. But this is not what *Mountain View* requires! *Mountain View* clearly requires an affidavit be attached to a forum non conveniens motion to dismiss that demonstrates specific instances of inconvenience or hardship. 129 Nev. at 419, 305 P.3d at 885.

The only affidavit that Polaris provided was from Blake Anderson, a "Senior Project Engineer" at Polaris. Anderson merely attested generally to the facts contained in the motion to dismiss, the headquarter location of Polaris, the model of off-road vehicle involved, and where the

vehicle was manufactured and sold. Anderson did not attest as to why Arizona is more convenient. The fact that Polaris is located out of state is of no consequence, because both the chosen forum and the alternative forum are not Polaris's headquarters. Polaris will have to travel to the west coast regardless. Further, there is no evidence in the record, beyond Polaris's counsel's statements, to demonstrate that the Sandbar employees and the first responders are unwilling to travel to Nevada. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (explaining that "[a]rguments of counsel . . . are not evidence and do not establish the facts of the case" (internal quotation marks omitted)). In fact, to the contrary, Polaris was present and participated in the depositions of the Sandbar employees in Nevada during the one year and three months before it brought the motion to dismiss for forum non conveniens.

This is the type of speculation that this court was trying to avoid in *Mountain View* when it required an affidavit and stated that "[g]eneral allegations regarding inconvenience or hardship are insufficient." 129 Nev. at 419, 305 P.3d at 885. The majority, like the district court, minimize this requirement and instead change the standard for forum non conveniens motions, allowing any minimal showing to dismiss a case, rather than "exceptional circumstances." *Placer Dome*, 131 Nev. at 301, 350 P.3d at 396 (internal quotation marks omitted). The lack of a proper affidavit under *Mountain View* alone requires reversal.

Lastly, the majority completely disregards the district court's erroneous application of the three-part *Placer Dome* test. The first requirement in *Placer Dome* is that a district court "must . . . determine the level of deference owed to the plaintiff's forum choice." 131 Nev. at 300, 350 P.3d at 396. Here, the district court found that "the [Borgers'] choice of forum is entitled to lesser deference because it is not the [Borgers']

SUPREME COURT
OF
NEVADA

(O) 1947A

residence." This court has held that a "plaintiff's choice of forum is entitled to great deference, but a foreign plaintiff's choice of a United States forum is entitled to less deference." *Placer Dome*, 131 Nev. at 301, 350 P.3d at 396. However, we have never made a distinction between a plaintiff who resides within the state versus one who resides outside of the state. And why would we? At the inception of this lawsuit, Nevada was the only place that the Borgers could properly bring suit against Sandbar because it is a Nevada-based LLC. Polaris and the majority fail to provide any reasoning as to why a plaintiff should be entitled to lesser deference, after correctly filing a lawsuit in a proper forum, just because the plaintiff does not live in that forum. By ignoring the district court's conclusion, the majority is adopting an entirely new standard in Nevada regarding deference to a plaintiff's forum choice, devoid of analysis. The district court made an erroneous conclusion of law, which requires reversal. *See Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003) (reviewing questions of law de novo).

Accordingly, for the foregoing reasons, I respectfully dissent.

_____, J.
Hardesty

cc:   Hon. Kathleen E. Delaney, District Judge
      Stephen E. Haberfeld, Settlement Judge
      Chad A. Bowers, Ltd.
      Kaster, Lynch, Farrar & Ball, LLP
      Sgro & Roger
      Faegre Drinker Biddle & Reath, LLP
      Eighth District Court Clerk