■ JUDITH EVANS et al., Appellants, v JACK EVANS, Respondent.—In a matrimonial action in which the plaintiff mother, *inter alia,* was awarded a divorce and was granted custody of the parties' child, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 30, 1978, which, *inter alia,* granted defendant's cross motion to modify the judgment of divorce by increasing visitation. By further order of the same court, dated February 9, 1979, *inter alia,* (1) the order dated October 30, 1978, was recalled and substituted for by the order dated February 9, 1979; (2) provisions for increased visitation for the defendant were made; and (3) a counsel fee of $1,500 was awarded to the plaintiff mother. On the court's own motion, the notice of appeal from the order dated October 30, 1978 is deemed a premature notice of appeal from the order dated February 9, 1979. Appeal from order dated October 30, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order dated February 9, 1979. Order dated February 9, 1979, modified, on the facts, by deleting subdivisions A and C of the first decretal paragraph thereof and substituting therefor the following provisions: (1) Defendant, Jack Evans, shall have visitation with and have the infant child, Jonathan M. Evans, with him on alternating weekends from 4:00 P.M. on Friday to 7:00 P.M. on Sunday. Defendant, Jack Evans, shall pick up the child at the residence of the mother, Judith Evans, on Friday and return the child to the mother's residence on Sunday and (2) defendant, Jack Evans, shall have visitation with and have the infant child, Jonathan M. Evans, with him during the 1979 Christmas holidays from 4:00 P.M. on December 24 to 7:00 P.M. on December 30 and in alternating years thereafter. Defendant shall pick up the infant child and return him to the mother's residence. As so modified, order affirmed, without costs or disbursements. The plaintiff mother's change in residence from Great Neck, Long Island, to Stamford, Connecticut, is a sufficient change in circumstances as to require modification of those provisions in the judgment of divorce that pertained to the defendant's visitation with the parties' child. However, we believe that the order increasing visitation, as modified above, will more closely comport with the best interests of the child by more equally dividing his leisure time between his parents. We note that on this record the award of $1,500 in counsel fees was entirely appropriate. Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.