■ ERICK FRENKE, Respondent, v SUZANNE FRENKE, Appellant.—In a proceeding pursuant to Family Court Act § 651 to determine custody of the parties' infant son, the mother appeals from an order of the Family Court, Queens County (Fogarty, J.), dated August 3, 1984, which, after a hearing, continued and made final an earlier order of visitation dated July 25, 1984, which had granted the petitioner father unsupervised visitation.

Order reversed, without costs or disbursements, and matter remitted to the Family Court, Queens County, for a hearing to be held with all convenient speed, in accordance herewith, limited to the issue of whether the father shall have supervised or unsupervised visitation. Pending the outcome of the hearing, the father shall have supervised visitation with the child on Sundays from 10:00 A.M. to 4:00 P.M., or at such other times as the parties may agree.

The parties were married in 1974 and divorced in 1982, and have one issue of that marriage, the child in question, who was born on September 13, 1975. This protracted custody dispute dates back to February 1978, when the mother was awarded sole custody of the infant. A few months later, in or about April 1978, the father absconded with the child. Seven months thereafter, the father was located with the child in Texas and, after a hearing in that State, the mother regained physical custody. During the course of the proceedings in Texas, a psychological evaluation was conducted which concluded, *inter alia,* that there was a high risk that the father might abscond with the child again.

In September 1981, pursuant to an order of the Family Court, the father was granted two hours of supervised visitation with the child each week. A psychological evaluation of the father done at that time and considered by the court had recommended that visitation be supervised because of the possibility that the child might otherwise be exposed to danger or the father might abscond with him once again. Thereafter, for a period of over two years, the father elected not to exercise his visitation rights.

In or about November 1983, the father commenced the instant proceeding seeking to change custody. The matter came on for a hearing before the Family Court on July 25, 1983. Prior to that time, the mother's counsel advised the court that she would consent to one day each week of unsupervised visitation between the father and the child. At the hearing, however, the mother's counsel indicated that the

child did not want to visit with the father. Nevertheless, based upon the recommendation of the child's therapist, counsel proposed that the father be permitted four hours of unsupervised visitation for one day on a trial basis and that the parties report back in a week to the therapist, following which the court could make its decision. The court agreed and by order dated July 25, 1984, it directed unsupervised visitation for six hours on the following Sunday and adjourned the matter to August 3, 1984.

On August 3, 1984, the parties again appeared before the court at which time the mother's counsel stated that the agreed visitation had not taken place because the child had expressed fear of being alone with the father. The court stated that it found this reason to be insufficient, since it had been agreed by the parties and recommended by the child's therapist that the unsupervised visitation be had on a trial basis. Accordingly, and without holding a hearing, the court directed that the July 25, 1984 order providing for unsupervised visitation be continued and made final.

We now reverse and remit the matter for a new hearing. Given the history of this case, including the father's past behavior and the apparent unwillingness of the child to attend unsupervised visitation with the father, it cannot be determined, absent a hearing and interview with the child, whether unsupervised visitation is in the best interests of the child *(Weiss v Weiss,* 52 NY2d 170). While the parties had consented to unsupervised visitation, we note that the record also contains a psychological report prepared by Mental Health Services recommending that there be a trial period of supervised visitation before unsupervised visitation be allowed. Accordingly, under the circumstances, the case is remitted to the Family Court, Queens County, for a hearing limited to the issue of whether supervised or unsupervised visitation is in the best interests of the child. The hearing shall be conducted with all convenient speed and shall include an interview with the child. Lazer, J. P., Bracken, Brown and O'Connor, JJ., concur.