■ In the Matter of Sharon Sitzer, Appellant-Respondent, v Gary Fay, Respondent-Appellant. [654 NYS2d 595] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals (1) as limited by her brief, from so much of an order of the Family Court, Suffolk County (Kent, J.), entered August 25, 1994, as granted custody of the parties' minor child to the father, (2) from an order of the same court, entered

August 29, 1994, which, *sua sponte,* modified the order entered August 25, 1994, and provided that her visitation with the child from September 5 to October 1, 1994, be supervised, and (3) as limited by her brief, from so much of an order of the same court, entered January 31, 1996, which directed, *inter alia,* that visitation be supervised; the father (1) cross-appeals, as limited by his brief, from so much of the order entered January 31, 1996, as modified an earlier order of the same court, dated June 20, 1995, directing that the mother's visitation be monitored by the Supervised Visitation Project, so as to direct that visitation be supervised by the maternal grandmother, (2) appeals, by permission, and as limited by his brief, from so much of an order of the same court, entered May 15, 1996, as modified the order entered January 31, 1996, to the extent of permitting overnight visitation on alternating weekends, and (3) appeals, by permission, and as limited by his brief, from so much of an order of the same court, entered October 17, 1996, as modified the earlier orders directing that visitation be supervised, and permitted certain unsupervised visitation, and denied his motion for the removal of the Law Guardian in this matter and the recusal of the court.

Ordered that the order entered August 25, 1994, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered August 29, 1994, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal and the cross appeal from the order entered January 31, 1996, are dismissed on the ground that the order was superseded by the order entered May 15, 1996; and it is further,

Ordered that the order dated May 15, 1996, is reversed insofar as appealed from, on the law, and the order dated January 31, 1996, is vacated; and it is further,

Ordered that the order entered October 17, 1996, is modified, without costs or disbursements, by deleting therefrom the provision of the order which granted the mother unsupervised visitation with the parties' child; as so modified, the order entered October 17, 1996, is affirmed insofar as appealed from, and it is further;

Ordered that the matter is remitted to the Family Court, Suffolk County, for a full evidentiary hearing on the issues of (1) whether visitation by the mother should or should not be supervised, in whole or in part, (2) if any part of the visitation is to be supervised, who should supervise same, and (3) the appropriate days and hours of visitation; and it is further;

Ordered that pending the determination of the Family Court, Suffolk County, after the hearing, the supervised visitation provisions of the order of the Family Court, Suffolk County, dated June 20, 1995, shall remain in effect.

There is a sound and substantial basis in the record for the Family Court's decision to award custody to the father (see, Matter of King v King, 225 AD2d 697; Matter of Gago v Acevedo, 214 AD2d 565; Nir v Nir, 172 AD2d 651; Janecka v Franklin, 150 AD2d 755), and therefore that determination will not be disturbed on appeal.

However, the court should not have expanded the mother's visitation rights before conducting a full evidentiary hearing as to whether the expanded visitation is in the best interests of the child (see, Matter of Emerson v Nickerson, 205 AD2d 899; Matter of Nakis-Batos v Nakis, 191 AD2d 443; Venzer v Venzer, 144 AD2d 552; Marks v Marks, 133 AD2d 742; Frenke v Frenke, 115 AD2d 694). We remit the matter to the Family Court, Suffolk County, to hold such a best-interests hearing, which shall be held with all convenient speed. At that hearing the law guardian should present evidence, if any, to support her opinion that the child's best interests would be served by expanded visitation with the mother.

The parties' remaining contentions are either without merit or do not warrant reversal. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.