■ COLLEEN INGARRA, Appellant-Respondent, v JOSEPH INGARRA, Respondent-Appellant. [706 NYS2d 171] —In an action for divorce and ancillary relief, (1) the plaintiff former wife appeals from (a) so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 20, 1998, as modified the visitation and transportation schedules set forth in the parties' stipulation of settlement, dated April 17, 1997, and directed the plaintiff to bear the cost of the appointment of a Law Guardian and forensic evaluations which may be subsequently ordered, and (b) stated portions of a judgment of the same court, entered September 24, 1999, which, *inter alia*, directed the visitation to occur pursuant to the stipulation of settlement as modified by the order dated May 20, 1998, and (2) the defendant former husband cross-appeals from the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the cross appeal from the order is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, and a provision is added thereto declaring that the wife is not obligated to bear the cost of the appointment of a Law Guardian and forensic evaluations which may be subsequently ordered, the order dated May 20, 1998, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing to be held with all convenient speed on the issues of (1) the appropriate days and hours of visitation, and (2) the equitable allocation of the responsibility and cost of the transportation associated with visitation; and it is further,

Ordered that pending the determination of the Supreme Court, Nassau County, after the hearing, the visitation and transportation schedules contained in the parties' stipulation

of settlement dated April 17, 1997, shall remain in effect; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The trial court should not have expanded the defendant's visitation rights before conducting a full evidentiary hearing as to whether expanded visitation would be in the best interests of the children (*see, Matter of Madalyn R. v New York City Commr. of Social Servs.,* 242 AD2d 574; *Matter of Sitzer v Fay,* 236 AD2d 475, 477; *cf., Matter of Vangas v Ladas,* 259 AD2d 755). Further, we note that the visitation schedule framed by the trial court effectively deprived the children of the opportunity to spend a significant amount of time with the plaintiff (*see, Matter of Garcia v Doan,* 132 AD2d 756, 758; *see also, Evans v Evans,* 71 AD2d 666).

The trial court should not have burdened the plaintiff with the responsibility and cost of the transportation associated with visitation before considering the "economic realities" of the case (*see, Matter of Tavolacci v Garges,* 124 AD2d 734; *Schwartz v Schwartz,* 91 AD2d 628).

The prospective award of Law Guardian fees and forensic evaluation costs was neither appropriate nor necessary (*see,* Domestic Relations Law § 237). Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.