■ TRACI L. BULSON, Respondent, v WILLIAM BULSON, Appellant. [723 NYS2d 862] —In an action for a divorce and ancillary relief, the defendant father appeals, as limited by his brief, from stated portions of (1) the findings of fact and conclusions of law of the Supreme Court, Dutchess County (Brands, J.), dated January 31, 2000, (2) a judgment of the same court, also dated January 31, 2000, which, *inter alia,* granted custody to the mother and visitation to him, and (3) an order of the same court, dated March 7, 2000, which denied his motion, *inter alia,* to vacate the judgment of divorce.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, without costs or disbursements, as findings of fact and conclusions of law are not separately appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted to the extent of vacating so much of the judgment as awards the father two nonconsecutive weeks of summer visitation, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing on that issue unless the parties can reach an agreement on visitation prior thereto; and it is further,

Ordered that as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the father's contention that the provision of the judgment of divorce which awarded him only two nonconsecutive weeks of summer visitation with the parties' child must be vacated. When it signed the mother's proposed judgment, the Supreme Court was under the mistaken impression that the parties had reached an agreement on that issue when, in fact, the parties were still negotiating, and the father wanted four weeks of consecutive visitation. The matter is therefore remitted for a hearing on that issue unless the parties reach an agreement before a hearing is held.

There is no basis to disturb the provisions of the judgment regarding access to the child's school and medical information or transportation costs. The judgment provides both parties with unlimited access to the child's school and medical information, and the economic realities of this case do not require

that the mother share in the costs of the father's transportation for visitation (*see, Ingarra v Ingarra,* 271 AD2d 573; *Matter of Tavolacci v Garges,* 124 AD2d 734). As the parties reside only seven miles apart, the costs are inconsequential and are properly borne by the father. S. Miller, J. P., McGinity, Luciano and Townes, JJ., concur.