■ In the Matter of ARDEN A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LESLIE A. et al., Respondents. (Proceeding No. 1.) In the Matter of AALIYAH A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LESLIE A. et al., Respondents. (Proceeding No. 2.) In the Matter of KYLE A. ADMINSTRATION FOR CHILDREN'S SERVICES, Appellant; LESLIE A. et al., Respondents. (Proceeding No. 3.) [910 NYS2d 659]—

In three related abuse and neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated May 5, 2010, as granted the joint application of the respondent mother and respondent maternal grandmother for visitation supervised only by the foster mother.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the joint application of the mother and maternal grandmother for visitation supervised only by the foster mother is denied, and visitation by the mother and maternal grandmother shall be supervised by the petitioner.

The Family Court improvidently exercised its discretion in granting the respondents' application for visitation supervised only by the foster mother before conducting a full evidentiary hearing as to whether that visitation was in the best interests of the children (*see* Family Ct Act § 1030 [d]; *Ingarra v Ingarra*, 271 AD2d 573, 574 [2000]; *Matter of Sitzer v Fay*, 236 AD2d 475 [1997]; *Matter of Madalyn R. v New York City Commr. of Soc. Servs.*, 242 AD2d 574 [1997]; *Matter of Emerson v Nickerson*, 205 AD2d 899 [1994]; *Marks v Marks*, 133 AD2d 742 [1987]). Under the facts of this case, it is appropriate for the visitation to be supervised by the petitioner. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.