■ MARK E. POWERS, Respondent, v EAST HUDSON PARKWAY AUTHORITY et al., Defendants, and COUNTY OF WESTCHESTER, Appellant. EAST HUDSON PARKWAY AUTHORITY, Third-Party Plaintiff, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered July 2, 1979, denying petitioner's motion to renew its prior motion to change venue from New York County to Westchester County, unanimously reversed, on the law and the facts, without costs, the motion to renew is granted, and upon renewal the motion to change venue is granted. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. Plaintiff-respondent was involved in a motorcycle accident in Westchester County in June, 1977, which resulted in serious bodily injury including paraplegia. Respondent brought this personal injury action in New York County against several defendants, all of whom are located in Westchester County, including defendant-appellant, the County of Westchester. Appellant moved for change of venue on the basis of CPLR 504 (subd 1), which specifies that the place of trial of all actions against a county shall be such county. Respondent cross-moved to retain venue in New York County pursuant to CPLR 510 (subd 3) for the convenience of material witnesses and in the interest of justice. The court denied appellant's motion and granted respondent's cross

motion in March, 1979. In its decision the court relied on the location in New York County of the offices of a number of medical personnel expected to testify at trial and on the possible adverse effect on respondent's mental and physical health of commuting the extra distance to trial in Westchester County. Appellant's motion to reargue or renew was based on additional information it received after the March, 1979 decision relative to the extent of plaintiff's ability and his intention to continue to operate a hand-controlled motor vehicle. Appellant's motion, which we deem a renewal, was denied. CPLR 504 is couched in mandatory terms. The purpose of the venue requirement is to protect governmental entities from inconvenience. (2 Weinstein-Korn-Miller, NY Civ Prac, par 504.02.) Despite this apparent absolute right of a governmental entity to such a transfer, there is authority for respondent's position that, on a cross motion for retention of venue, the court has discretionary powers under the criteria of CPLR 510 (subd 3). *(Kenford Co. v County of Erie,* 38 AD2d 781.) This discretion has been exercised when the convenience of witnesses would outweigh the purpose of CPLR 504. *(Merrill v City of New York,* 16 AD2d 1004, citing *Levine v City of Port Jervis,* 15 Misc 2d 574, 575, affd without opn 11 AD2d 1016.) In the absence of compelling circumstances, courts should comply with the statutory direction. In this regard it should be noted that in the balancing of interests, the convenience of public officers and employees and the use of public records at trial are given more than ordinary consideration. (2 Weinstein-Korn-Miller, NY. Civ Prac, par 510.25.) Respondent stresses the fact that many of his material witnesses, including medical personnel, and respondent himself as a prospective witness, are located in New York County. However, with the ease of modern transportation, travel between adjacent counties has not been deemed so inconvenient as to warrant a change of venue. *(Matter of Vallone v Power,* 35 AD2d 655 [transportation as between counties within New York City]; *MacBraver v County of Nassau Off. of Administrative Servs.,* 67 Misc 2d 120 [transportation as between a county within New York City and an adjoining county outside New York City].) Respondent also strongly emphasizes the potential hardship to his mental and physical health of commuting to Westchester County for the duration of the trial in his disabled condition. We find appellant's additional information to be persuasive in discounting the severity of any such adverse effect. Documents produced showed that respondent had operated a vehicle with hand controls for 5,000 miles in 1978 alone, and that subsequent to another motor vehicle accident in September, 1978, he had again applied for renewal of his driver's license. These facts clearly show respondent's ability and intent to continue driving. The additional distance to the courthouse in White Plains from respondent's residence is too slight to constitute severe inconvenience to a person who can, and does, drive. Respondent does not challenge appellant's assertion that the court in White Plains has full wheelchair access. Upon the facts in this record, it may not be held that the convenience of material witnesses and the ends of justice will be promoted by retaining venue in New York County. The denial of appellant's motion for renewal of the motion for change of venue constituted an improvident exercise of judicial discretion. Accordingly, the venue of this action will be transferred from New York County to Westchester County pursuant to CPLR 504. Concur—Kupferman, J. P., Sullivan, Lupiano, Bloom and Carro, JJ.