BABYLON ASSOCIATES, Respondent, v COUNTY OF SUFFOLK, Appellant.

First Department, October 7, 1982

**APPEARANCES OF COUNSEL**

*George P. Felleman* of counsel (*Allen M. Smith, Jonathan Sinnreich* and *Elizabeth Koltun* with him on the brief; *David J. Gilmartin* and *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*Harry P. Sacks* of counsel (*Stuart M. Levine* and *Frederick R. Rohn* with him on the brief; *Sacks, Montgomery, Pastore & Levine, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Plaintiff Babylon Associates contracted with defendant, the County of Suffolk, to perform the general construction work on the Bergen Point Water Pollution Control Plant. That plant was one of the principal facilities of the Suffolk County Southwest Sewer District project ("the project"). Although a county must normally be sued in that county

(CPLR 504, subd 1), Babylon chose to sue Suffolk for breach of contract in New York County. Two of the corporations forming Babylon have their principal places of business in New York County (CPLR 503, subd [c]). Moreover, Babylon claims that it cannot obtain an impartial trial in Suffolk because of the ongoing scandal involving the project (CPLR 510, subd 2).

Babylon stresses that there have been thousands of articles written about the scandal in the Long Island Press. It further emphasized that one of its sub-subcontractors and its officials have been convicted of conspiracy to defraud in the Federal District Court. Babylon notes that the Appellate Division, Second Department, has already transferred a State criminal proceeding from Suffolk to Queens County. Other civil actions, arising from the project, are pending in Suffolk. These cases are generating further public interest in the scandal. Finally, Babylon points to a Century poll, which it commissioned. That poll concludes that Babylon cannot obtain an impartial trial in Suffolk because of the public bias against private contractors, public officials and others connected with the project.

After weighing all the factors involved, Special Term granted plaintiff's cross motion to retain venue in New York on the principal ground that private contractors had been the subject of many adverse news articles in the Suffolk press. Correspondingly, it denied defendant's motion to change venue.

The purpose of the venue requirement of CPLR 504 (subd 1) is to protect a county and its officials from inconvenience. In the absence of compelling circumstances, venue should remain in the county that is sued (*Powers v East Hudson Parkway Auth.*, 75 AD2d 776, 777). Nonetheless, if an impartial trial may not be had in a particular county, then a court has discretion to change venue under CPLR 510 (subd 2) (*Kenford Co. v County of Erie*, 38 AD2d 781).

In this proceeding, Suffolk's pollster has challenged the reliability of the Century poll. The record contains a technical battle between the parties' experts on the fine points of taking a public opinion survey. As is normally the case,

the truth probably lies somewhere in the middle. After considering all the evidence, we are not convinced that Babylon will not be able to obtain a fair trial in Suffolk County. While some of the prospective jurors may be biased against private contracting firms, the jury pool still contains a considerable number of impartial individuals. Thus, in the absence of any clear showing that an impartial jury cannot be chosen, the officials of Suffolk County should not be put to inconvenience of defending this action in New York County.

At present, there are several other civil actions pending in Suffolk and more cases will soon be filed. It is possible that the Justices of the Supreme Court in Suffolk could reach a consensus that the cases arising from the project should be transferred to a different county. It is also possible that the Appellate Division, Second Department, might eventually order all such cases to be tried in another county. Under those eventualities, this action would then stand alone in Suffolk County. Therefore, in order to prevent this case from being isolated from the remainder of the cases arising from the project and for the sake of judicial economy, this transfer will be made without prejudice to Babylon's right to move in Suffolk to change venue if all other cases be transferred from Suffolk.

Accordingly, the order of the Supreme Court, New York County (LANE, J.), entered February 3, 1982, which denied Suffolk's motion to change venue and granted Babylon's cross motion to retain venue, should be reversed, on the law and the facts, the motion should be granted and the cross motion denied without prejudice to Babylon's right to move in Suffolk for a change of venue if all other cases arising from the project be transferred from Suffolk, with costs.

MURPHY, P. J., SULLIVAN, CARRO and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on February 3, 1982, unanimously reversed, on the law and the facts, the motion granted and the cross motion denied without prejudice to Babylon's right to move in Suffolk for a change of venue if all other cases arising from the project

be transferred from Suffolk. Appellant shall recover of respondent $50 costs and disbursements of this appeal.