■ RACHAEL LEVERTOV, Appellant, v CONGREGATION YETEV LEV D'SATMAR, Respondent. (Action No. 1.) RACHAEL LEVERTOV, Appellant, v COUNTY OF NASSAU, Respondent. (Action No. 2.)—In two actions to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated May 13, 1986, as, upon granting the cross motion of the defendant in action No. 2 for the consolidation of action No. 1, pending in the Supreme Court, Kings County, with action No. 2 pending in the Supreme Court, Nassau County, placed venue of the consolidated action in the Supreme Court, Nassau County.

Ordered that the order is modified, by adding a provision that the consolidated action shall proceed under the Nassau County index number and the single caption "Rachael Levertov, plaintiff v Congregation Yetev Lev D'Satmar and County of Nassau, defendants"; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent in action No. 2.

It is appropriate and, it appears, all parties agree that the plaintiff's two actions stemming from the same Nassau County accident on premises owned and operated by the defendant in action No. 2, the County of Nassau, should be consolidated *(see, Padilla v Greyhound Lines,* 29 AD2d 495). While, on motions to consolidate actions pending in different counties, it is generally required that venue be fixed in the county having jurisdiction over the action commenced first *(see, e.g., T T Enters. v Gralnick,* 127 AD2d 651; *Leung v Sell,* 115 AD2d

929; *Maldonado v Whiting,* 109 AD2d 871), the Supreme Court did not abuse its discretion by placing venue of the consolidated action in Nassau County. The plaintiff's election to proceed first in the Supreme Court, Kings County, is not by itself sufficient to warrant disregard of the statutory directive that actions against a county shall be tried in that county (CPLR 504 [1]; *Powers v East Hudson Parkway Auth.,* 75 AD2d 776), and it does not appear that any party or witness will be materially inconvenienced or prejudiced by trial in Nassau County.

The order granting consolidation should have provided for a single caption *(see, Padilla v Greyhound Lines, supra)* and it is modified accordingly. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.