■ SAMUEL WEISSMANDL et al., Respondents, v MURRAY WALTER, INC., et al., Defendants, and CONGREGATION ZEMACH DAVID OF NEW SQUARE et al., Defendant and Third-Party Plaintiff-Respondent. ROCKLAND COMMUNITY COLLEGE, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant Rockland Community College appeals (1) from an order of the Supreme Court, Kings County (Cohen, J.), dated July 14, 1987, which denied its motion to change venue of the action to Rockland County, and (2) as limited by its brief, from so much of an order of the same court, dated September 15, 1987, as denied its motion for a severance.

Ordered that the order dated July 14, 1987, is affirmed and the order dated September 15, 1987, is affirmed insofar as appealed from, without costs or disbursements.

The provisions of CPLR 504, directing that the trial of an action against a county or one of its entities be held in such county, are designed to protect governmental entities from inconvenience *(Powers v East Hudson Parkway Auth.,* 75 AD2d 776). Nonetheless, a court has the power to disregard the statutory direction and place venue elsewhere when the convenience of witnesses would outweigh the purposes of the statute *(see, Levertov v Congregation Yetev Lev D'Satmar,* 129 AD2d 680; *Messinger v Festa,* 94 AD2d 792; *Babylon Assocs. v County of Suffolk,* 89 AD2d 57). The plaintiffs in the main action produced affidavits from seven eyewitnesses to the accident, all of whom are residents of Kings County, as well as an affidavit from the injured plaintiff's treating physician who maintains a surgical practice in New York City. Each prospective witnesses asserted that he or she would be inconvenienced if the trial were conducted in Rockland County rather than in Kings County. In contrast, Rockland Community College simply relied upon the provisions of CPLR 504, and

failed to provide any information as to the number or identity of its witnesses *(Messinger v Festa, supra)*. Accordingly, the court did not improvidently exercise its discretion in denying the motion to change venue. Further, we are satisfied that the court did not improvidently exercise its discretion in denying the motion to sever the third party action from the main action (CPLR 1010). Mollen, P. J., Brown, Kunzeman and Kooper, JJ., concur.