*538 OPINION OF THE COURT
Herbert Shapiro, J.
This application by the plaintiff seeking consolidation involves two actions in behalf of the estate of the decedent. The first is against the City of New York and is based upon an alleged police assault upon the decedent. The second action is against the New York City Health and Hospitals Corporation (NYCHHC) and is based upon the alleged malpractice of the defendant. Both actions were venued in Bronx County by plaintiff.
With respect to the motion for consolidation, all parties agree that consolidation is appropriate and, accordingly, that motion is granted. However, while consenting to consolidation the defendant, NYCHHC, cross-moves for an order changing the venue of the consolidated action from Bronx County to Queens County. The plaintiff opposes such request and contends that the Bronx County venue is appropriate.
At the threshold of the discussion it must be pointed out that the plaintiff’s attempt to sustain a Bronx County venue based on the alleged malpractice at the Rikers Island infirmary is rejected. Plaintiff has failed to offer any evidence whatever that the infirmary at Rikers Island has any connection with NYCHHC. The absence of any evidence so indicating and the affirmation of the Corporation Counsel unequivocally denying such relationship, it is concluded that NYCHHC has no responsibility for the Rikers Island infirmary.
The apparent dilemma faced by the court in determining the venue question revolves about the fact that CPLR 504 (3) appears to mandate that, as against the City of New York on the police assault cause of action, the proper venue is Bronx County. On the other hand, section 7401 (3) of McKinney’s Unconsolidated Laws of NY (New York City Health and Hospitals Corporation Act §20 [3] [L 1969, ch 1016, as amended]) appears to mandate that, in the action against NYCHHC based on the malpractice, the venue is Queens County.
Section 504 (3) provides in pertinent part as follows:
"the place of trial of all actions against * * * cities * * * shall be, for * * *
"3. the city of New York, in the county within the city in which the cause of action arose”.
Section 7401 (3) of McKinney’s Unconsolidated Laws of NY *539 provides as follows: "All actions against the corporation [NYCHHC] of whatever nature shall be brought in the city of New York, in the county within the city in which the cause of action arose, or if it arose outside of the city, in the county of New York.”
The plaintiff urges, in effect, that CPLR 504 (3) controls and that section 7401 (3) does not apply here. It is argued that section 7401 (3) does not state that the cause of action involved must have arisen exclusively because of the acts of NYCHHC. That being so, it is argued that since the instant causes of action arose because of the acts of NYCHHC in conjunction with the acts of others (here the police assault in Bronx County), then it may be said that "the cause of action arose” in Bronx County as well as in Queens County.
However, a fair reading of the section causes the court to conclude that the phrase "the cause of action” in the larger phrase, "in the county within the city in which the cause of action arose”, refers only to the cause of action against NYCHHC (McKinney’s Uncons Laws of NY § 7401 [3]). This conclusion is supported by the language in the opening phrase, that r[a]ll actions against the corporation” (emphasis supplied) shall be brought in accordance with the statutory direction.
Facing then what appears to be conflicting statutes, the court concludes that the answer to these apparently irreconcilable provisions of law is to be found in section 7405 of McKinney’s Unconsolidated Laws of NY. That section provides in pertinent part as follows: "Insofar as the provisions of this act [the act establishing the NYCHHC (L 1969, ch 1016)] are inconsistent with the provisions of any other law, general, special or local, the provisions of this act shall be controlling”.
The inconsistency is thus resolved in favor of the direction contained in section 7401 (3) and the proper venue is declared to be Queens County.
Accordingly, the motion to consolidate is granted and the venue of the consolidated action is changed to Queens County.