■ AVIS RENT-A-CAR SYSTEM, INC., Appellant-Respondent, v EDMIN REALTY CORP., Respondent-Appellant. [619 NYS2d 334] —In an action, *inter alia,* for a judgment declaring the rights

and obligations of the parties under a lease, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated August 10, 1993, as, upon granting its motion to consolidate this action with a pending action in the Supreme Court, Bronx County, entitled *Parochial Bus Sys. v Avis Rent-A-Car Sys.,* transferred venue of this action to Bronx County, and Parochial Bus System, Inc., as successor in interest to the defendant Edmin Realty Corp., cross-appeals from so much of the same order as failed to decide that branch of its motion which was for summary judgment dismissing the plaintiff's complaint.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The cross appeal by the defendant Parochial Bus System, Inc. (hereinafter Parochial) must be dismissed, inasmuch as no appeal as of right lies from an order which fails to decide a motion *(see,* CPLR 5701 [a] [2] [v]; *see, e.g., Kromholz v Notey,* 121 AD2d 668; *Stewart v County of Nassau,* 120 AD2d 516; *Abrahamsen v Brockway Glass Co.,* 119 AD2d 612). Contrary to Parochial's characterization of the record, the Supreme Court neither considered nor decided the motion for summary judgment. Rather, after granting consolidation and placing venue of the action in Bronx County, the court advised Parochial that its motion could be presented to the Supreme Court, Bronx County.

We find unpersuasive the contention of the plaintiff Avis Rent-A-Car System, Inc. (hereinafter Avis) that the court erred in placing venue of the consolidated actions in Bronx County. Parochial's allegations to the effect that Avis committed acts of waste with respect to the leasehold premises and interfered with its possession of the property by failing to remove a holdover tenant are arguably sufficient to support the Supreme Court's determination that venue should be placed in Bronx County pursuant to CPLR 507 on the ground that the actions would affect the possession, use, or enjoyment of real property located therein *(see generally, Slutsky v Roc-Le Triomphe Assocs.,* 129 AD2d 879; *Moschera & Catalano v Advanced Structures Corp.,* 104 AD2d 306; *Spellman Food Servs. v Patrick,* 90 AD2d 791; *Arnold Constable Corp. v Staten Is. Mall,* 61 AD2d 826; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 507.03-507.05). Accordingly, under the circumstances presented, we discern no basis for disturbing

the Supreme Court's resolution of the venue issue. Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.