■ GAM PROPERTY CORPORATION, Appellant, v SORRENTO LACTALIS, INC., Respondent. (Action No. 1.) SORRENTO LACTALIS, INC., Respondent, v GAM PROPERTY CORPORATION, Appellant. (Action No. 2.) [838 NYS2d 633]—

In related actions, inter alia, for a vendee's lien against certain real property in the amount of the contested down payment made on a contract for the sale of real property and for a foreclosure sale of the property to satisfy the lien (action No. 1), and to recover damages for breach of contract (action No. 2), GAM Property Corporation, the plaintiff in action No. 1 and the defendant in action No. 2, appeals from an order of the Supreme Court, Orange County (Alessandro, J.), dated September 13, 2006, which denied its motion pursuant to CPLR 602 and 507 to consolidate the actions and to place venue of the consolidated action in Orange County, and granted the motion of Sorrento Lactalis, Inc., the defendant in action No. 1 and the plaintiff in action No. 2, to stay all proceedings in action No. 1 pending determination of action No. 2.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of GAM Property Corporation to consolidate the actions and to place venue of the consolidated action in Orange County is granted, the motion of Sorrento Lactalis, Inc., to stay all proceedings in action No. 1 pending determination of action No. 2 is denied, and the Clerk of the Supreme Court, Erie County, is directed to deliver to the Clerk of the Supreme Court, Orange County, all papers filed in action No. 1, and certified copies of all minutes and entries.

This action arises out of an alleged breach of contract wherein GAM Property Corporation (hereinafter GAM) agreed to purchase, and Sorrento Lactalis, Inc. (hereinafter Sorrento), agreed to sell, certain real property located within Orange County. GAM commenced an action in the Supreme Court, Orange County, inter alia, for a vendee's lien against the real property in the amount of the down payment made on the

contract and a foreclosure sale of the property to satisfy the lien. Sorrento commenced a competing action in the Supreme Court, Erie County, to recover damages for breach of contract. Each party maintained that the convenience of witnesses would be furthered by litigating the matters in its own selected county.

Here, the two actions involve the same parties, contract, real property, and down payment. Where common questions of fact or law exist, a motion to consolidate pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Moor v Moor*, 39 AD3d 507 [2007]; *Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]; *Gadelov v Shure*, 274 AD2d 375 [2000]). Although the action in Erie County was commenced first, any consolidation in this instance is required to be in Orange County, as the judgment in the Orange County action affects title to, or the possession, use or enjoyment of, real property, and CPLR 507 mandates that the venue for such an action be the county in which the property is situated (*see Antonacci v Antonacci*, 273 AD2d 185, 186 [2000]; *Avis Rent-A-Car Sys. v Edmin Realty Corp.*, 209 AD2d 656, 657 [1994]). While both parties demonstrated that their respective nonparty witnesses would be inconvenienced by litigation in the other county, the discretionary determination of venue based upon the convenience of witnesses (*see* CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 171 [1995]) must yield to the mandatory venue provision of CPLR 507 (*see Arnold Constable Corp. v Staten Is. Mall*, 61 AD2d 826 [1978]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.