■ JOSE DIAZ CABREJA et al., Respondents, v JAMES ROSE et al., Appellants. BIENVENIDA RESTO, Plaintiff, v CITIWIDE AUTO LEASING et al., Appellants, et al., Defendants. [856 NYS2d 567]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 8, 2007, which, to the extent appealed from as limited by the brief, denied the motion by defendants Rose and Citiwide Auto Leasing to change venue to New York County, unanimously affirmed, without costs.

Plaintiffs Vargas (a Bronx resident) and Resto were pas-

sengers in a vehicle owned by defendant Salazar and driven by Diaz Cabreja (a Bronx resident also known as Cabreja Diaz), when it was allegedly struck by a vehicle in upper Manhattan owned by defendant Citiwide (a Kings County corporation) and operated by defendant Rose, a New York City police officer. A nonparty witness in the Citiwide vehicle was also a Bronx resident. Cabreja and Vargas received medical treatment in the Bronx.

The motion by defendants Citiwide and Rose for change of venue to New York County was based in part on CPLR 504 (3), which calls for an action in New York City against the City or one of its officers to be tried "in the county . . . in which the cause of action arose."

The City of New York is not a party to this action, and CPLR 504 (3) was not intended as a benefit for individual litigants such as defendants Rose and Citiwide (*Swainson v Clee*, 261 AD2d 301 [1999]). Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.