(March 27, 2012)

■ WINIFRED CLARK, Respondent-Appellant, v JAMES CLARK, JR., Appellant-Respondent. (Action No. 1.) WINIFRED Q. CLARK, Respondent-Appellant, v JAMES CLARK, JR., Appellant-Respondent. (Action No. 2.) JAMES P. CLARK, JR., Appellant-Respondent, v WINIFRED Q. CLARK, Respondent-Appellant, et al., Defendant. (Action No. 3.) [941 NYS2d 192]—

In an action, inter alia, to recover damages for breach of fiduciary duty (action No. 1), which was joined for trial with related actions (action Nos. 2 and 3), James Clark, Jr., the defendant in action Nos. 1 and 2 and the plaintiff in action No. 3, appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 23, 2010, as denied his motion pursuant to CPLR 3211 (a) (4) to dismiss the complaint in action No. 2 and granted those branches of the cross motion of Winifred Clark, the plaintiff in action Nos. 1 and 2 and a defendant in action No. 3, which were, in effect, to join action Nos. 1, 2, and 3 for trial and to place venue of the joint trial in Nassau County, and (2) an order of the same court dated August 4, 2010, as denied that branch of his separate motion which was to compel the production of certain documents withheld by Winifred Clark based upon attorney-client privilege and work product privilege, and denied that branch of his separate motion which was, in effect, for summary judgment dismissing the complaint in action No. 1 as time-barred, and Winifred Clark cross-appeals, as limited by her brief, from so much of the order dated August 4, 2010, as denied that branch of her cross motion which was for leave to amend her answer in action No. 3 to include a defense based upon the statute of frauds.

Ordered that the order dated February 23, 2010, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of Winifred Clark, the plaintiff in action Nos. 1 and 2 and a defendant in action No. 3, which was to place venue of the joint trial in Nassau County and substituting therefor a provision denying that branch of the cross motion and fixing venue of the joint trial in Queens County; as so modified, the order dated February 23, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 4, 2010, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the cross motion of Winifred Clark, the plaintiff in action Nos. 1 and 2 and a defendant in action No. 3, which was for leave to amend her answer in action No. 3 to include a defense based upon the statute of frauds and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the motion of James Clark, Jr., the defendant in action Nos. 1 and 2 and the plaintiff in action No. 3, which was to compel the production of certain documents withheld by Winifred Clark based upon attorney-client privilege

and work product privilege, and substituting therefor a provision granting that branch of the motion to the extent of directing Winifred Clark to provide the Supreme Court with a detailed privilege log; as so modified, the order dated August 4, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, and the Clerk of the Supreme Court, Nassau County, shall deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]), and for an in camera review thereafter by the Supreme Court, Queens County, of the allegedly privileged documents in accordance herewith.

James Clark, Jr., the defendant in action Nos. 1 and 2 and the plaintiff in action No. 3 (hereinafter James), and his brother William Clark jointly owned certain pieces of property in Brooklyn and Queens, which they managed through a partnership. After William died in 1994, his wife Winifred Clark, the plaintiff in action Nos. 1 and 2 and a defendant in action No. 3 (hereinafter Winifred), inherited his ownership interest in the properties. Two of the properties were placed in a trust with Winifred entitled to income during her lifetime. James continued to manage the properties through the partnership and provided Winifred with certain income from the properties. Around 2007, Winifred suspected that James was withholding income from her and that she had not received an interest in all of the properties that had been owned by William.

Subsequently, Winifred commenced an action on behalf of the trust against James in Nassau County (hereinafter action No. 1), seeking an accounting and to recover damages for breach of fiduciary duty and unjust enrichment. Thereafter, she commenced a second action against James in Nassau County (hereinafter action No. 2), inter alia, to recover damages for breach of a joint venture agreement, conversion, and fraud. James then commenced an action against Winifred and her brother in Queens County (hereinafter action No. 3), among other things, to quiet title to three pieces of real property in Queens which he alleged were owned 100% by him, and that Winifred had improperly transferred to herself.

"[A] motion seeking a joint trial pursuant to CPLR 602 (a) rests within the sound discretion of the trial court. When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right" (*Alizio v Perpignano*, 78 AD3d 1087, 1088 [2010] [citations and internal quotation marks omitted]; *see Pierre-*

*Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]; *Glussi v Fortune Brands*, 276 AD2d 586, 587 [2000]). Here, the Supreme Court providently exercised its discretion in granting that branch of Winifred's cross motion which was, in effect, to join action Nos. 1, 2, and 3 for trial because the actions involve common questions of law and fact, and James failed to show that prejudice would result from a joint trial. Accordingly, we find that the interests of justice and judicial economy would be served by a joint trial (*see Alizio v Perpignano*, 78 AD3d at 1088; *J & A Vending v J.A.M. Vending*, 268 AD2d 505, 506 [2000]).

However, the Supreme Court erred in granting that branch of Winifred's cross motion which was, in effect, to place venue of the joint trial in Nassau County. "Generally, where actions commenced in different counties have been consolidated pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances are present" (*Gomez v Jersey Coast Egg Producers*, 186 AD2d 629, 630 [1992]; *see Strasser v Neuringer*, 137 AD2d 750, 751 [1988]). However, in an action affecting title to, or the possession, use, or enjoyment of, real property, "CPLR 507 mandates that the venue for such an action be the county in which the property is situated" (*GAM Prop. Corp. v Sorrento Lactalis, Inc.*, 41 AD3d 645, 646 [2007]; *see Antonacci v Antonacci*, 273 AD2d 185, 186 [2000]). Thus, the joint trial must be conducted in Queens County, where the real property at issue in action No. 3 is located (*see GAM Prop. Corp. v Sorrento Lactalis, Inc.*, 41 AD3d at 646; *Antonacci v Antonacci*, 273 AD2d at 186; *Avis Rent-A-Car Sys. v Edmin Realty Corp.*, 209 AD2d 656, 657 [1994]). Regardless of whether a specific request is made to the court to change venue, the court may change venue to the appropriate forum in connection with a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) (*see Smith v Witteman Co.*, 10 AD2d 793 [1960]; Siegel, NY Prac § 116, at 218 [5th ed]).

"Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (*DAIJ, Inc. v Roth*, 85 AD3d 959, 959 [2011]; *see Whitney v Whitney*, 57 NY2d 731, 732 [1982]). Here, action Nos. 1 and 2 do not involve the same causes of action, and the relief sought is not substantially the same. Accordingly, contrary to James's contention, the Supreme Court properly denied his motion pursuant to CPLR 3211 (a) (4) to dismiss the complaint in action No. 2.

However, the Supreme Court improvidently exercised its discretion in denying that branch of Winifred's cross motion which was for leave to amend her answer in action No. 3 to add a defense based upon the statute of frauds. "Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]; *see Campbell v Genesis Contrs., Inc.*, 76 AD3d 1038 [2010]). "No evidentiary showing of merit is required under CPLR 3025 (b)" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the proposed amendment to include a defense based upon the statute of frauds was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise James. Therefore, the Supreme Court should have allowed the amendment.

Lastly, "a waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue . . . or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information" (*New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 225 AD2d 863, 864 [1996] [internal quotation marks omitted]). Here, Winifred is challenging James's ownership of certain properties, but seeks to withhold possibly pivotal documents on that subject. Thus, the Supreme Court should have granted that branch of James's motion which was to compel the production of documents withheld by Winifred to the extent of directing Winifred to provide the Supreme Court with a detailed privilege log (*see* CPLR 3122). We remit the matter to the Supreme Court, Nassau County, with a directive that the Clerk of the Supreme Court, Nassau County, is to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]), and for an in camera review thereafter by the Supreme Court, Queens County, of the allegedly privileged documents.

The parties' remaining contentions are without merit. Dillon, J.P., Belen, Roman and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30515(U).]**