[966 NYS2d 126]

RICHARD WAGER et al., Appellants, v PELHAM UNION FREE SCHOOL DISTRICT et al., Respondents. PELHAM UNION FREE SCHOOL DISTRICT, Third-Party Plaintiff-Respondent, v WAGER CONTRACTING CO., INC., Third-Party Defendant-Respondent. (Action No. 1.)

RICHARD WAGER et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. (Action No. 2.)

Second Department, May 15, 2013

**APPEARANCES OF COUNSEL**

*Kramer, Dillof, Livingston & Moore*, New York City (*Matthew Gaier* and *Norman Bard* of counsel), for appellants.

*Armienti, DeBellis, Guglielmo & Rhoden, LLP*, New York City (*Vanessa M. Corchia* and *Jerry Granata* of counsel), for Pelham Union Free School District, respondent.

*Rawle & Henderson, LLP*, New York City (*Robert A. Fitch* and *Marc A. Sherman* of counsel), for Savin Engineers, P.C. and another, respondents.

*Stewart, Greenblatt, Manning & Baez* and *Montfort, Healy, McGuire & Salley*, Garden City (*Donald S. Neumann, Jr.* of counsel), for third-party defendant-respondent.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Pamela Seider Dolgow* and *Fay Ng* of counsel), for respondent in action No. 2.

### OPINION OF THE COURT

DILLON, J.P.

This appeal presents the novel question of whether a governmental entity may waive the benefit of a statutory venue provision in an instance where an action against the governmental entity was commenced in a proper county in the first instance.

On the afternoon of October 31, 2009, Richard Wager (hereinafter Wager) was working on the roof of the Colonial Elementary School in Pelham when a portion of the roof allegedly collapsed without warning. Wager fell two stories to the ground, suffering serious injuries. After the accident, Wager was transported to Jacobi Medical Center in the Bronx, where he remained hospitalized for approximately five weeks. On January 14, 2011, Wager, and his wife Sana Wager suing derivatively, commenced an action in the Supreme Court, Westchester County, asserting causes of action to recover damages for violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence (action No. 1 [hereinafter the Westchester action]). The defendants included the Pelham Union Free School District (hereinafter the School District), which allegedly owned the property, and Savin Engineers, P.C. and Robert J. Firneis, who were allegedly retained by the School District to perform construction management, demolition, and construction work at the premises.

While a patient at Jacobi Medical Center, Wager was twice resuscitated. The plaintiffs alleged that on the second such occasion, on November 10, 2009, Wager experienced a cardiac incident when an endotracheal tube became dislodged during an MRI procedure and was not timely replaced, exacerbating existing brain injury and causing new brain injury.

Wager and his wife subsequently commenced a second, separate action against the New York City Health & Hospitals Corporation (hereinafter the NYCHHC), which owns and operates Jacobi Medical Center. They asserted causes of action to recover damages for medical malpractice, lack of informed consent, and negligent hiring and training of personnel. The action was commenced in the Supreme Court, Bronx County (action No. 2 [hereinafter the Bronx action]).

All parties agree that both actions were commenced in proper venues. Pursuant to CPLR 504 (2), the place of trial of an action against a school district shall be the county where the school district is situated, in this case, Westchester County. Pursuant to section 20 of the New York City Health and Hospitals Corporation Act (McKinney's Uncons Laws of NY § 7401 [3] [L 1969, ch 1016, § 1, as amended]), an action against the NYCHHC must be commenced in the county within the City of New York in which the cause of action arose, in this case, Bronx County.

After issue was joined and some documentary discovery was exchanged, the NYCHHC moved in the Supreme Court, Westchester County, to consolidate both actions in Westchester County pursuant to CPLR 602. The NYCHHC specifically argued that the two actions involved common questions of fact and law, as Wager alleged that he sustained brain injuries as a result of his fall at the accident site on October 31, 2009, and as a result of the endotracheal tube becoming dislodged at Jacobi Medical Center on November 10, 2009. The NYCHHC also argued that where related actions are pending in different venues, consolidation typically occurs, absent special circumstances, in the county where the first action was commenced which, in this instance, was Westchester County.

The plaintiffs and the School District opposed the motion, arguing that the Westchester and Bronx actions presented no common questions of fact or law as to liability, that the asserted theories for the recovery of damages were different in each of the two actions, and that a consolidation would otherwise prejudice the parties. Alternatively, the plaintiffs argued that if the Supreme Court were to consolidate the two actions, the consolidated action should be venued in Bronx County, as McKinney's Unconsolidated Laws of NY § 7405 expressly provides that the venue provisions favoring the NYCHHC supersede inconsistent provisions of any other general, special, or local law, such as, in this instance, CPLR 504 (2).

In reply to the plaintiffs' opposition, the NYCHHC expressly waived the venue provision contained in section 7401 (3) of McKinney's Unconsolidated Laws of NY for actions brought against it.

In the order appealed from, the Supreme Court, Westchester County, found that the two actions presented common questions of fact and law regarding the cause of Wager's brain injuries and the apportionment of liability and damages amongst the defendants and, therefore, consolidated the actions. The Supreme Court did not discuss the competing venue provisions of CPLR 504 (2) and McKinney's Unconsolidated Laws of NY §§ 7401 (3) and 7405, but, in a decretal paragraph, directed the removal of the Bronx action to Westchester County for its consolidation with the Westchester action.

No appeal has been taken from the portion of the order which consolidated the actions. The plaintiffs' appeal is limited to so much of the order as placed venue of the now-consolidated actions in Westchester County. For the reasons set forth below, we affirm the order of the Supreme Court insofar as appealed from.

I. Relevant Venue Provisions

This is not the first time that a court has been faced with a battle of conflicting venue statutes. CPLR 504 (2) provides, in relevant part, that "[n]otwithstanding the provisions of any charter heretofore granted by the state . . . the place of trial of all actions against . . . school districts and district corporations . . . shall be . . . in the county in which such . . . school district or district corporation is situated" (*see Grumet v Pataki*, 244 AD2d 31, 35 [1998]). The statute uses the mandatory directive of "shall" and applies to "all" actions against school districts. The purpose of CPLR 504, which applies not just to school districts but also to counties, cities, towns, and villages, is to protect municipal entities and their employees from the inconvenience of an alternative venue (*see Hatzipetros v County of Chemung*, 56 AD3d 1039, 1039-1040 [2008]; *Swainson v Clee*, 261 AD2d 301 [1999]; *Forteau v County of Westchester*, 196 AD2d 440, 441 [1993]; *Weissmandl v Murray Walter, Inc.*, 147 AD2d 474 [1989]; *Babylon Assoc. v County of Suffolk*, 89 AD2d 57, 58 [1982]; *Powers v East Hudson Parkway Auth.*, 75 AD2d 776, 777 [1980]; *cf. Cabreja v Rose*, 50 AD3d 457 [2008]). Nevertheless, and despite the seemingly unforgiving language of the statute, venue may be changed to a non-mandated county upon a showing of special circumstances (*see Hatzipetros v County of Chemung*, 56 AD3d at 1040; *Vasta v Village of Liberty*, 235 AD2d

1006, 1006-1007 [1997]; *Ruiz v City of New York*, 195 AD2d 327, 327-328 [1993]; *Babylon Assoc. v County of Suffolk*, 89 AD2d at 58).

For actions against the City of New York, CPLR 504 (3) directs that venue be placed in the county within the city in which the cause of action arose. The New York City Health and Hospitals Corporation Act contains a provision virtually identical to CPLR 504 (3), requiring that actions against the NYCHHC "be brought in the city of New York, in the county within the city in which the cause of action arose" (McKinney's Uncons Laws of NY § 7401 [3]; *see Ramsey v City of New York*, 145 Misc 2d 537, 538-539 [1989]). However, unlike its CPLR counterpart, it contains a further provision that if the New York City Health and Hospitals Corporation Act is "inconsistent with the provisions of any other law, general, special or local, the provisions of this act shall be controlling" (McKinney's Uncons Laws of NY § 7405; *see Ramsey v City of New York*, 145 Misc 2d at 539).

The venue provisions for school districts were added to CPLR 504 (2) in 1966 (*see* L 1966, ch 444, § 1). The statute giving primacy to the venue provisions specific to the NYCHHC was enacted three years later, in 1969, as part of the enabling legislation creating a public benefit corporation to operate the municipal hospitals in the City of New York (*see* L 1969, ch 1016, § 1). The legislature is presumed to be aware of the law in existence at the time of an enactment, as well as of the effect and implications of its own enactments (*see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 92 [2011]; *Brady v Village of Malverne*, 76 AD3d 691, 693 [2010]; *Llanos v Shell Oil Co.*, 55 AD3d 796, 798 [2008]). Additionally, general statutes, such as CPLR 504 in this instance, must yield to later, more specific statutes, such as McKinney's Unconsolidated Laws of NY § 7401 (3) as applied to the NYCHHC (*see Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001]; *Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d at 92; *Matter of Lupoli*, 275 AD2d 44, 50 [2000]). Accordingly, while a consolidated action is typically litigated in the county where the first action was commenced (*see Clark v Clark*, 93 AD3d 812, 815 [2012]; *Manshul Constr. Corp. v Sawyers Glass Corp.*, 242 AD2d 262 [1997]; *Champion v City of New York*, 203 AD2d 508, 509 [1994]; *Gomez v Jersey Coast Egg Producers*, 186 AD2d 629, 630 [1992]; *Mitchel v Thacker*, 159 AD2d 701 [1990]), that general rule would need to yield to the venue-specific rules for actions against the NYCHHC, where

venue is directed to the county within the city where the cause of action arose, and which are plainly entitled to expressed statutory priority (*see Ramsey v City of New York*, 145 Misc 2d at 539).

What distinguishes this case, however, is the NYCHHC's explicit waiver of its statutory right to venue in Bronx County. If such a waiver is valid, the Supreme Court providently exercised its discretion in directing that Westchester County be the venue of the now-consolidated actions. Here, all parties agree that if the venue of the Bronx action had been placed in an improper county, the NYCHHC would have been able to waive a change of venue to a proper county as a matter of right. Indeed, it is well-settled that a defendant may waive proper venue as a matter of right if it does not timely demand or move for a change of venue in accordance with CPLR 510 and 511 (*see Ortiz v Broadway Mgt. Co.*, 188 AD2d 401, 402 [1992]; *Durrant v Kelly*, 186 AD2d 237, 238 [1992]; *Central Fed. Sav. v Banchik*, 176 AD2d 482, 483 [1991]; *Cheteyan v Comptroller of State of N.Y.*, 64 AD2d 917, 918 [1978]; *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d 292, 295 [1974]). The plaintiffs argue that since their action against the NYCHHC was commenced in Bronx County, which was a proper county under McKinney's Unconsolidated Laws of NY § 7401 (3), the NYCHHC was not entitled to waive its Bronx County venue in favor of a Westchester County venue.

No reported decisional authority appears to be directly on point. The plaintiffs rely upon our holding in *GAM Prop. Corp. v Sorrento Lactalis, Inc.* (41 AD3d 645 [2007]), that if one of the related actions is subject to a venue-specific rule, the consolidated action should be tried in the county governed by the venue-specific rule, even if that was the county in which the second action was commenced. *GAM Prop. Corp.* involved a dispute between the buyer and seller of real property located within Orange County. The defendant seller commenced an action in Erie County to recover damages for breach of contract under standard venue rules, and maintained that its nonparty witnesses would be inconvenienced by litigating the matter elsewhere. The plaintiff buyer thereafter commenced a separate action in Orange County to enforce a vendee's lien against the subject real property in the amount of its down payment and for a foreclosure sale of the property to satisfy the lien. The actions were consolidated under CPLR 602. Although the Orange County action was the second of the two actions commenced,

this Court noted the primacy of CPLR 507, which mandates that the place of trial of actions affecting title to or possession, use, or enjoyment of real property shall be the county in which the property is situated (*see GAM Prop. Corp. v Sorrento Lactalis, Inc.*, 41 AD3d at 646, citing *Antonacci v Antonacci*, 273 AD2d 185, 186 [2000], and *Avis Rent-A-Car Sys. v Edmin Realty Corp.*, 209 AD2d 656, 657 [1994]). The mandatory venue provision of CPLR 507 has even been held to override discretionary considerations about the convenience of witnesses (*see GAM Prop. Corp. v Sorrento Lactalis, Inc.*, 41 AD3d at 646, citing *Arnold Constable Corp. v Staten Is. Mall*, 61 AD2d 826 [1978]). Nevertheless, *GAM Prop. Corp.* and two other cases relied upon by the plaintiffs, *Levertov v Congregation Yetev Lev D'Satmar* (129 AD2d 680 [1987]) and *Ramsey v City of New York* (145 Misc 2d at 537), are distinguishable in one crucial respect—in those cases, the defendants *invoked* the applicable venue provisions that favored them, whereas here, the NYCHHC seeks to *waive* the venue provision of McKinney's Unconsolidated Laws of NY § 7401 (3), which was enacted for its benefit when the NYCHHC was created.

Venue provisions, such as those found in portions of the CPLR and in McKinney's Unconsolidated Laws of NY § 7401 (3), while couched in mandatory language, are not jurisdictional in nature (*Anzalone v City of New York*, 32 AD3d 408 [2006]; *Rampe v Giuliani*, 227 AD2d 605, 606 [1996]; *Railroad Fed. Sav. & Loan Assn. v Rosemont Holding Corp.*, 248 App Div 909 [1936]). Such venue provisions are designed to further the convenience of governmental entities, including the NYCHHC and its employees, who are in public service (*see Hatzipetros v County of Chemung*, 56 AD3d at 1039-1040; *Swainson v Clee*, 261 AD2d at 301; *Forteau v County of Westchester*, 196 AD2d at 441; *Weissmandl v Murray Walter, Inc.*, 147 AD2d at 474; *Babylon Assoc. v County of Suffolk*, 89 AD2d at 58; *Powers v East Hudson Parkway Auth.*, 75 AD2d at 777). If municipal defendants may waive proper venues by not demanding or moving for changes of venue to the proper counties and thereby forfeit the conveniences that they are afforded by statutory venue provisions, municipal defendants may likewise waive proper venues in instances where actions are commenced in the proper county in the first instance. Examples may include instances where a defendant seeks to change venue for the convenience of material witnesses as authorized by CPLR 510 (3), or where an impartial trial cannot be had in the proper county as authorized by CPLR 510 (2).

The NYCHHC is a public benefit corporation subject to a specific venue provision virtually identical to the venue provision applicable to actions commenced against the City of New York. We hold, therefore, that the defendant in the Bronx action, the NYCHHC, had the authority to waive its right to the continuation of venue in the Bronx upon the consolidation of the plaintiffs' two actions. Absent such a waiver, the venue of the now-consolidated actions would be required by statutory priority to be in Bronx County.

## II. The Supreme Court's Discretion

■ Given our holding that venue of the now-consolidated actions was not bound under these circumstances to Bronx County, the final question is whether the Supreme Court's determination placing venue in Westchester County was, or was not, a provident exercise of discretion. The placement of venue rests in the sound discretion of the court, and an order determining venue should not be disturbed in the absence of a showing that the court improvidently exercised its discretion (*see Reckson Assoc. Realty Corp. v Blasland, Bouck & Lee*, 230 AD2d 723, 725 [1996]). Some venue provisions contain what appear to be mandatory dictates as to the placement of venue (*see* CPLR 504 [actions against counties, cities, towns, villages, school districts, and district corporations], 505 [where action is brought against a public authority, venue shall be in the county of the authority's principal place of business or where it has facilities involved in the action], 507 [where action involves the right, title, possession or enjoyment of property, venue shall be in the county where any part of the subject property is situated]; McKinney's Uncons Laws of NY § 7401 [3] [for actions against the NYCHHC]), absent a cognizable and effective waiver. Nevertheless, this Court, as well as the Appellate Division, First Department, have held in analogous circumstances that impleading a municipal entity as a third-party defendant does not render improper the venue that was previously designated in a proper county other than the one in which the municipality is situated (*see Murphy v Long Is. R.R.*, 239 AD2d 472 [2d Dept 1997]; *Sanchez v Project Adventure*, 260 AD2d 151, 152 [1st Dept 1999]). We conclude that this same rationale should apply to cases where the NYCHHC becomes part of a consolidated action where the first action was venued in a proper county. Applying the authority set forth in the *Murphy* and *Sanchez* cases, if the NYCHHC believes that the venue should be in the county in which it is located, then its only recourse is to seek a

discretionary change of venue under CPLR 510 (2) or (3). This recourse may itself be waived by the NYCHHC, if it so chooses.

III. Conclusion

In sum, since the NYCHHC chose to waive the venue provision contained in section 7401 (3) of McKinney's Unconsolidated Laws of NY for actions brought against it upon the consolidation of the plaintiffs' two actions, and absent a showing of any special circumstances demonstrating that venue be placed in Bronx County, we conclude that the Supreme Court providently exercised its discretion in placing venue in Westchester County, where the first of the related actions was commenced.

The parties' remaining contentions either are without merit or have been rendered academic by our determination.

In light of the foregoing, the order is affirmed insofar as appealed from.

DICKERSON, AUSTIN and MILLER, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.