Matter of Cano v Bussey (2019 NY Slip Op 02086)





Matter of Cano v Bussey


2019 NY Slip Op 02086


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-01278
 (Docket No. V-3272-14)

[*1]In the Matter of Madelyn Cano, appellant,
v
Leroy Bussey, Jr., respondent.


Maria J. Frank, Yorktown Heights, NY, for appellant.
Friedman and Friedman, Garden City, NY (Andrea B. Friedman of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated January 22, 2018. The order, inter alia, granted the father's application to dismiss the mother's petition to modify a prior order of custody so as to award her sole legal and residential custody of the parties' child, and denied her application for leave to amend the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, that branch of the mother's application which was for leave to amend the petition is granted, the mother's application is otherwise denied as academic, and the father's application to dismiss the mother's petition is denied as academic.
In this child custody proceeding, the parties have one child together, born in 2010. The parties were divorced by judgment dated February 17, 2011. By order of the Superior Court of New Jersey, dated June 15, 2012, the parties were awarded joint legal custody of the child, with residential custody to the father, and parental access to the mother. By order of the same court dated January 17, 2014, the father was permitted to relocate to New York State with the child, on consent of the parties.
On October 2, 2014, the father filed a petition to modify the June 15, 2012, order of custody and parental access. The father alleged, inter alia, that the fact that the child was now attending school constituted a change in circumstances requiring a modification of that order. On December 8, 2014, the father filed a family offense petition, alleging that the mother had committed the family offenses of harassment in the first or second degree, disorderly conduct, and reckless endangerment. On April 29, 2016, the mother filed a petition to modify the order of custody so as to award her sole legal and physical custody of the child, with parental access to the father. The mother alleged as a change in circumstance, inter alia, that the father had attempted to alienate the child from her. On May 4, 2016, the father filed an amended modification petition seeking sole legal custody of the child.
A fact-finding hearing was held on the father's family offense petition from May 4, 2016, to October 17, 2017. The parties agreed that the testimony from the family offense proceeding would also be evidence in the custody proceeding. On October 17, 2017, the Family Court dismissed the family offense petition, finding that the father had failed to make out a prima facie case. Thereafter, the father made an application to dismiss the mother's petition to modify the order of custody. The mother made an application for leave to amend the modification petition, or in the alternative, to file a new petition. On November 15, 2017, the court dismissed the mother's modification petition for lack of specificity and lack of sufficient evidentiary material to warrant a hearing. The court also denied the mother's application for leave to amend the modification petition, or in the alternative, to file a new petition.
We disagree with the Family Court's determination to deny the mother's application for leave to amend the modification petition. Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (see Matter of Cameron K. [Samuel M.], 104 AD3d 688; Clark v Clark, 93 AD3d 812, 816). Here, the proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the father. Therefore, the Family Court should have granted that branch of the mother's application which was for leave to amend the modification petition, and thus should have denied the father's application to dismiss as academic.
In light of our determination, the remaining branch of the mother's application has been rendered academic. The mother's remaining contention is without merit.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court