Persaud v Transdev Servs., Inc. (2019 NY Slip Op 06877)





Persaud v Transdev Servs., Inc.


2019 NY Slip Op 06877


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9937N 27041/17E

[*1] Chanmattie Persaud, Plaintiff-Respondent,
v
Transdev Services, Inc., et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about May 8, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion pursuant to CPLR 504(1) for a change of venue from Bronx County to Nassau County, unanimously affirmed, without costs.
CPLR 504(1) provides, in pertinent part, that the place of trial of an action against a county shall be in that county. As Nassau County is not a named defendant, and defendants are not officers of Nassau County and were not named in a representative capacity, defendants' motion pursuant to CPLR 504(1) for a change of venue from Bronx County to Nassau County was properly denied (see Swainson v Clee, 261 AD2d 301 [1st Dept 1999]; Theofanis v Liberty Lines Tr., 266 AD2d 385 [2d Dept 1999]; Beaufort v Liberty Lines Tr., 270 AD2d 297 [2d Dept 2000]). CPLR 504(1) exists for the benefit of a county or other government entity named as a defendant, not for the benefit of individual litigants such as the instant defendants (Swainson at 301; Cabreja v Rose, 50 AD3d 457, 458 [1st Dept 2008]).
General Municipal Law § 50-b(1) does not entitle defendants to the benefit of CPLR 504(1). Even assuming that defendant Transdev Services, a private company which contracted to operate Nassau County buses, is deemed an employee of Nassau County pursuant to General Municipal Law § 50-b(1) (see Hothan v Metropolitan Suburban Bus Auth., 289 AD2d 448, 449 [2d Dept 2001], lv dismissed 98 NY2d 671 [2002]), it is deemed an employee "for the purpose of this section" (General Municipal Law § 50-b[1]). The facts that Transdev Services may be deemed an employee for the purposes of General Municipal Law § 50-b(1) and that Nassau County may be required to indemnify defendants do not entitle defendants to the benefit of CPLR 504 (Beaufort, 270 AD2d at 297; see also Cabreja, 50 AD3d 457).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK