Fernandez v Suffolk County Pub. Admr. (2024 NY Slip Op 04809)

Fernandez v Suffolk County Pub. Admr.

2024 NY Slip Op 04809

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 155629/22 Appeal No. 2714 Case No. 2023-01075 

[*1]Lauren Fernandez etc., et al., Plaintiffs-Respondents,
v
Suffolk County Public Administrator as Administrator of the Estate of Michelle Louise Carpenter Also Known as Michell L. Carpenter, Defendant-Appellant, Lyft, Inc., Defendant.

Morris Duffy Alonso Faley & Pitcoff, New York (Ira E. Goldstein of counsel), for appellant.
Pazer Epstein Jaffe & Fein, P.C., New York (Jason Levine of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about January 17, 2023, which denied the motion of defendant Suffolk County Public Administrator as Administrator of the Estate of Michelle Louise Carpenter a/k/a Michelle L. Carpenter (Suffolk County PA) pursuant to CPLR 504 to change venue from New York County to Suffolk County, unanimously reversed, on the law and the facts, without costs, and the motion granted.
Plaintiffs commenced this personal injury action in New York County where defendant Lyft, Inc. has its principal office (see CPLR 503[c]). However, since Suffolk County PA sufficiently established itself as a department of Suffolk County, which plaintiffs failed to refute, it properly invoked CPLR 504(1) mandating a change of venue to Suffolk County (see Powers v East Hudson Parkway Auth. , 75 AD2d 776, 777 [1st Dept 1980]). While courts retain discretionary authority under CPLR 510(3) to decline a change of venue sought pursuant to CPLR 504 (id. ), plaintiffs do not demonstrate how New York County would be more convenient for the witnesses or better serve the ends of justice to warrant denying Suffolk County PA's motion. The cause of action arose in Suffolk County, where plaintiffs reside, and any potential witnesses appear to be in Suffolk County. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024